**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **RIC (Lavernia) LLC** | § | **Bankruptcy Case No. 25-51195** |
| | § | **Adversary Case No. 25-05040** |
| | § | |
| *Debtor.* | § | |

**PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Plaintiff Otisco RDX, LLC ("Plaintiff") and respectfully moves the Court to reconsider its Order [ECF No. 15] entered on June 2, 2025, granting the Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and in support thereof states as follows:

**I. INTRODUCTION**

Plaintiff requests that the Court reconsider its ruling under Federal Rule of Civil Procedure 59(e), made applicable by Bankruptcy Rule 9023, on the grounds that the Order was entered during a period when Plaintiff was materially prejudiced in its ability to respond due to the sudden and unexpected death of key counsel integral to Plaintiff's litigation strategy.

**II. RELEVANT FACTS**

1. On or about May 13, 2025, Plaintiff's litigation counsel, who was actively responsible for managing this adversary proceeding and formulating legal strategy in response to the dispositive motion filed by Defendants, passed away unexpectedly. *See* Exhibit 1.

2. The loss of this attorney occurred during a critical period for the preparation of Plaintiff's opposition to the pending motion and materially impaired Plaintiff's ability to adequately present argument or respond to the dispositive relief sought. *See* Exhibits 2 & 3.

3. No adequate opportunity was available for Plaintiff to obtain substitute counsel or realign its legal team prior to entry of the Court's Order.

4. Plaintiff respectfully asserts that had it been afforded a reasonable opportunity to respond following counsel's death, it would have presented meritorious arguments and evidence in opposition to Defendants' motion.

## III. LEGAL STANDARD

A motion to reconsider is proper under Rule 59(e) where there has been manifest error of law or fact, newly discovered evidence, or intervening changes in the controlling law. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Courts also recognize that extraordinary circumstances, including the inability of a party to fully respond due to unexpected events beyond its control, may warrant reconsideration in the interest of justice.

## IV. ARGUMENT

This Court should reconsider its Order and permit Plaintiff an opportunity to fully and fairly respond to the dispositive motion, as justice requires under the circumstances. The death of Plaintiff's counsel, a profound and unforeseen event, deprived Plaintiff of the ability to advocate its position or file an adequate opposition. Fundamental fairness supports a brief reopening of proceedings to avoid judgment by default under such tragic and prejudicial conditions.

The Defendants will suffer no undue prejudice from such relief, whereas Plaintiff has been irreparably harmed by the entry of a dismissal and judgment under conditions where its voice was silenced by unforeseen tragedy.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that the Court:

1. GRANT this Motion to Reconsider;

2. VACATE the Order Granting Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [ECF No. 15];

3. Permit Plaintiff leave to file a substantive opposition within a reasonable time period; and

4. Grant such other and further relief to which Plaintiff may be justly entitled both at law and in equity.

Respectfully submitted,

By: */s/ Justin Rayome*
JUSTIN RAYOME
State Bar No. 24130709
1001 West Loop South, Suite 700
Houston, Texas 77027
(214) 934-9345
justin.rayome.law@gmail.com

**ATTORNEY FOR OTISCO RDX, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties and counsel of record.

*/s/ Justin Rayome*
Justin Rayome