## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| RIC (LAVERNIA) LLC, | § § | Case No. 24-51195-mmp |
| Debtor | § § | Chapter 11 |
| | § | |
| OTISCO RDX, LLC, | § § § | |
| Plaintiff | § § | Adversary No. 25-05040-mmp |
| v. | § § | |
| RIC (LAVERNIA) LLC, AND TIG ROMSPEN US MASTER MORTGAGE LP, | § § § § § | |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR SANCTIONS AND
## AWARD OF ATTORNEYS' FEES

Defendants RIC (Lavernia) LLC (the "Debtor") and TIG Romspen US Master Mortgage LP ("TIG Romspen," and together with the Debtor, the "Defendants") hereby move the Court to sanction Plaintiff OTISCO RDX, LLC ("OTISCO") and/or its attorneys, Justin Rayome and Paul Kirklin, and award Defendants their attorneys' fees and costs incurred seeking and obtaining dismissal of this frivolous adversary proceeding. In support of this motion, Defendants state as follows:

Page **1** of **12**

## BACKGROUND

1. Debtor owns several undeveloped parcels of real property located in Wilson County, Texas (the "Property"). Debtor acquired the Property through a properly noticed nonjudicial foreclosure sale that occurred on February 6, 2024, pursuant to a deed of trust (the "DOT") given by OTISCO in favor of defendant TIG Romspen. The sale was conducted by a properly appointed substitute trustee. A true and correct, certified copy of the *Appointment of Substitute Trustees* (the "Appointment"), recorded in the Wilson County real property records on January 3, 2024, is attached as **Exhibit A**. Attached as **Exhibit B** is a true and correct, certified copy of the *Substitute Trustee's Deed and Bill of Sale* (the "Substitute Trustee's Deed") conveying title to Debtor.

2. OTISCO owned the Property prior to the foreclosure sale. Defendants believe OTISCO is controlled by Shahnaz Choudhri, mother of Ali Choudhri ("Choudhri") – and Choudhri exercises significant influence over Ms. Choudhri.

3. After acquiring title to the Property, purported senior lienholder, Milestone Capital CRE 1, LLC ("Milestone"), attempted to foreclose its alleged lien interest in the Property. Milestone is controlled by Choudhri; thus, Choudhri effectively controls both the purported senior lienholder (Milestone) and the purported lien grantor (OTISCO).

4. On June 27, 2024, Debtor filed a voluntary petition for protection under Chapter 11 of Title 11 of the United States Code to prevent Milestone from foreclosing. *See In re RIC (Lavernia) LLC*, Case No. 24-51195 ("Admin Case"). Debtor

is actively engaged in litigation before this Court to strip Milestone's purported lien encumbering the Property. *See RIC (Lavernia) LLC v. Milestone Capital CRE 1, LLC, et al.*, Case No. 24-05043 ("Milestone Adversary").

5. Nearly five months after the October 29, 2024, deadline for filing a proof of claim in the Admin Case, OTISCO appeared for the first time on March 26, 2025, in the Admin Case and filed an objection to confirmation of Debtor's chapter 11 plan. *See* Admin Case, ECF No. 4 (includes bar date notice); OTISCO RDX, LLC's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan (the "Objection") [Admin Case, ECF No. 80].[1] The Objection has been stricken in part. *See* Admin Case, ECF No. 109.

6. On May 1, 2025, OTISCO initiated this adversary proceeding by filing *Plaintiff's Original Complaint for Declaratory Relief* (the "Complaint") [ECF No. 1], falsely alleging that TIG Romspen "improperly foreclosed on the Property without a duly appointed substitute trustee." *See* Compl. ¶ 9; *see also, e.g.*, ¶¶ 15 ("This foreclosure occurred without the appointment of a substitute trustee, which rendered it an invalid foreclosure."), 19 ("TIG Romspen did not comply with any of these requirements regarding the appointment of a substitute trustee . . . . Therefore, conducting a foreclosure sale without the proper appointment of a substitute trustee and/or adhering to the requisite notice requirements, invalidates the sale's validity

---

[1] The Objection was signed by attorney Kiernan McAlpine, as counsel for OTISCO, but it was filed under attorney Shea Palavan's CM/ECF credentials. The Court has ordered Mr. Palavan to appear and show cause why he should not be sanctioned for what appears to be the improper use of a registered user's CM/ECF credentials. *See* Order to Appear and Show Cause [Admin Case, ECF No. 108].

under Texas law."), 24 ("The Debtor's purported ownership of the property is the result of a **wrongful foreclosure** conducted by TIG Romspen without the proper appointment of a substitute trustee. Due to this fatal procedural defect, title never lawfully transferred."). The Complaint alleged no other factual or legal basis for seeking a declaration invalidating Debtor's ownership of the Property or to apply a constructive trust in favor of OTISCO.

7. The Complaint was signed by attorney Justin Rayome, but it was filed using attorney Paul Kirklin's CM/ECF credentials.

8. On May 8, 2025, Defendants moved to dismiss the Complaint with prejudice, or in the alternative, for summary judgment. *See* Defs.' Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. (the "MTD") [ECF No. 4]. The Court set the MTD for hearing on June 2, 2025, concurrently with the hearing on the Objection.

9. On Sunday, June 1, 2025, OTISCO filed in the Admin Case an emergency motion to continue the hearing. *See* Admin Case, ECF No. 102. OTISCO did not file a motion to continue the hearing on the MTD in this adversary proceeding.

10. Neither Rayome nor Kirklin appeared for OTISCO at the hearing; rather, Mr. McAlpine appeared. At the hearing, Mr. McAlpine argued that Milestone and OTISCO had relied on the strategic direction provided by counsel for Milestone—reinforcing that Ali Choudhri effectively controls OTISCO and Milestone. The Court noted that Milestone's counsel had not appeared as counsel for OTISCO in the Admin Case or in this adversary proceeding. For this and other reasons stated on the record, the Court denied OTISCO's request for a continuance.

11. After hearing evidence and argument of counsel at the hearing, the Court announced its ruling and later entered an order consistent with its announcement granting the MTD and dismissing the Complaint with prejudice. *See* ECF No. 15. After closing all evidence, the Court indulged Choudhri's request to address the Court, but declined to reconsider on Choudhri's oral motion.

12. Choudhri, Rayome, and Kirklin are no strangers to abusive litigation tactics resulting in sanctions.

13. For example, Judge Norman has on multiple occasions appropriately sanctioned Choudhri for his abusive and improper behavior. *See* **Exhibit C**, Order Disallowing Proof of Claim and Referral to United States Attorney at 3, *In re Galleria 2425 Owner, LLC*, No. 23-34815 (Bankr. S.D. Tex. Sep. 9, 2024) [ECF No. 717] (finding Choudhri to be a "forger and a liar" and a "vexatious litigant"); **Exhibit D**, Arrest Warrant, *In re Jetall Companies*, No. 24-35761 (Bankr. S.D. Tex. Apr. 16, 2025) [ECF No. 136]; **Exhibit E**, Order of Contempt, *In re Jetall Companies*, No. 24-35761 (Bankr. S.D. Tex. May 13, 2025) [ECF No. 219].

14. Judge Norman has also sanctioned Rayome for his conduct, as set forth (for example) in an order entered on February 12, 2025, where, among other things, Judge Norman stated that Mr. Rayome "seems to be blindly oblivious" to his duty to adhere to the Texas Rules of Professional Conduct and Federal Rule of Civil Procedure 11. *See* **Exhibit F**, Order on Emergency Mot. for Contempt, *In re Galleria 2425 Owner, LLC*, No. 23-34815 (Bankr. S.D. Tex. Feb. 12, 2025) [ECF No. 995].

15. Judge Robinson admonished Rayome and Kirklin for "wasting this Court's time" with their "sloppy and lazy lawyering." *See* **Exhibit G**, Transcript of May 8 Hearing at 6:17–18, *TIG Romspen US Master Mortgage, LP v. Ali Choudhri, et al. (In re 1001 WL, LLC)*, No. 24-01062 (Bankr. W.D. Tex.). Judge Robinson openly questioned why (like in this case) Rayome signed a document that was filed using Kirklin's CM/ECF credentials.

## ARGUMENT

### I. *Sanctions Under 28 U.S.C. § 1927*

The Court should impose sanctions against Rayome and Kirklin in the amount of Defendants' attorneys' fees and costs incurred in relation to this frivolous adversary proceeding pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Rayome and Kirklin participated in the preparation and/or filing of the Complaint, which has no basis in law or fact, and for which they either failed to conduct a reasonable inquiry or did so ignoring the results of their investigation. The **sole factual and legal basis** for the relief sought in the Complaint is OTISCO's false allegation that the foreclosure sale through which Debtor acquired its ownership of the Property was defective because of an alleged failure to properly appoint the substitute trustee. *See* Compl. ¶¶ 9, 15, 19, 24, 30. Yet the Appointment, the DOT and the Substitute Trustee's Deed—all of which are public records—establish as a

matter of fact and law that the Complaint's allegations are false. Searching the Wilson County public records requires minimal effort.[2] Either OTISCO and its lawyers failed to even attempt to search the records, or OTISCO and its lawyers found the Appointment, the DOT and the Substitute Trustee's Deed but opted to instead to file the Complaint with false allegations. Under either scenario, OTISCO and its lawyers wasted both the Defendants' and this Court's time and resources, unreasonably and vexatiously multiplying these proceedings.

Rayome and Kirklin failed to restrict their sanctionable conduct after forcing the Defendants to defend. They filed no response to the MTD, nor did Rayome or Kirklin appear at the hearing on the MTD (only McAlpine). By all indications, Rayome and Kirklin abandoned this suit. However, rather than voluntarily dismissing the action, they kept the case open and forced Defendants to incur additional attorneys' fees and costs to appear and argue at the hearing.

Whether to impose sanctions under 28 U.S.C. § 1927 lies within this Court's discretion. *See, e.g., Edwards v. GMC*, 153 F.3d 242, 246 (5th Cir. 1998). The Court should use that discretion to impose sanctions on Rayome and Kirklin for their abuse of the judicial process. The Fifth Circuit found in *Edwards* that the district court properly exercised its discretion in imposing sanctions against the plaintiff's attorney under 28 U.S.C. § 1927 when said attorney "deliberately kept her meritless case alive for no purpose other than to force GM to settle or defend it." *See id.* The same is true here. Rayome and Kirklin proceeded with filing the Complaint notwithstanding that

---

[2] Wilson County provides an easily accessible online portal through which individuals may search the county's public records. *See* https://wilson.tx.publicsearch.us/.

a simple search of the Wilson County, Texas public records, would reveal that OTISCO's Complaint lacked merit. The Fifth Circuit also found in *Edwards* that sanctions under 28 U.S.C. § 1927 were appropriate when the attorney for the plaintiff "abandoned her suit, but willfully required GM to defend it, and required the court to continue to consider its merits." *See id.* ("That she never filed any substantive motions, never took any depositions, and never even responded to GM's motion for summary judgment is strongly indicative that she had abandoned the suit."). Here, Rayome and Kirklin kept the suit alive even after receiving service of the MTD, which attached a certified copy of each of the recorded documents that defeated the false allegations in the Complaint; and effectively abandoned the suit once the Complaint had been filed.

At best, Rayome and Kirklin acted with "reckless disregard" of their duty to the Court when they, "without reasonable inquiry, advance[d] a baseless claim despite clear evidence undermining [their] factual contentions." *See Morrision v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019). At worst, they intentionally violated such duty. Whatever the case, Kirklin and Rayome "unreasonably and vexatiously" multiplied the proceedings and should therefore face appropriate sanctions in the amount of Defendants' attorneys' fees and costs incurred in this adversary proceeding.

## II. *Sanctions Under the Court's Inherent Power*

"[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power" to "impose

attorney's fees as a sanction for bad-faith conduct." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *see also Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) ("When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions"). Again, whether to impose sanction under the Court's inherent power is committed to the Court's discretion. *See, e.g, Chambers*, 501 U.S. at 55.

This adversary proceeding is just the latest in Choudhri, Rayome, and Kirklin's bad faith, obstructionist litigation tactics. Should the Court find that sanctions are unavailable or insufficient under 28 U.S.C. § 1927, the Court should impose appropriate sanctions under its inherent power, which apply to the lawyers <u>and their client</u> OTISCO.

### III. *The Requested Sanctions are Reasonable and Necessary to Advance Justice and Deter Future Abusive Tactics*

"The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, No. 94-20567, 1996 U.S. App. LEXIS 45212, at *9–*10 (5th Cir. Apr. 12, 1996). Requiring OTISCO and its attorneys to bear Defendants' attorneys' fees and costs associated with seeking and obtaining dismissal of this frivolous lawsuit would appropriately serve justice and, hopefully, deter Choudhri and those that act at his direction from continuing their abusive litigation tactics.

Attached as **Exhibit H** is a sworn declaration of Kyle Hirsch, lead counsel for Defendants, which (i) attests to the attorneys' fees and costs incurred by Defendants

in relation to this adversary proceeding and (ii) attaches a breakdown of such fees and costs.

Courts in the Fifth Circuit use the "lodestar" method in calculating reasonable and necessary attorneys' fees. *See, e.g, Black v. Settlepou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("There is a strong presumption of the reasonableness of the lodestar amount."). "The lodestar is calculated by multiplying the numbers of hours an attorney reasonably spent on the case by an appropriate hourly rate, which the market rate in the community for this work." *Id.*

**Exhibit H** and the fee breakdown accompanying it reveal a blended hourly billing rate of approximately $629.30. This hourly rate is consistent with the market rate of attorneys representing litigation defendants before this Court. Moreover, this Court has consistently approved payment of Debtor's attorneys' fees (at the same hourly rates) in the underlying bankruptcy case. *See* Admin Case, ECF Nos. 56, 105 Additionally, Defendants submit that review of **Exhibit H** and the fee breakdown accompanying it reveals that the attorney time billed for defending against this adversary proceeding was both reasonable and necessary to effectively respond to and defeat this frivolous adversary proceeding.

## CONCLUSION

Sanctions exist to deter parties and their attorneys from unnecessarily wasting the Court's and other parties' time and resources by filing frivolous pleadings such as the Complaint. This Court should enter sanctions against OTISCO and its attorneys Justin Rayome and John Kirklin, jointly and severally, in the amount of $25,360.60,

which constitutes Defendants' legal fees and expenses incurred in connection with defeating the meritless and frivolous Complaint.

Respectfully submitted this 17th day of June 2025,

**BRYAN CAVE LEIGHTON PAISNER LLP**

/s/ *Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
Justin D. Hanna (Tex. Bar No. 24095726)
R. Luke Graham (Tex. Bar No. 24127305)
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
Email: kyle.hirsch@bclplaw.com
        justin.hanna@bclplaw.com
        luke.graham@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

***Counsel for the Defendants***

## CERTIFICATE OF CONFERENCE

Mr. Justin Rayome is the only counsel of record to have signed a pleading on behalf of OTISCO RDX, LLC. It is my understanding that Rayome is hospitalized and cannot be reached. Accordingly, I was unable to obtain a mutually agreeable resolution prior to filing this motion.

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, I caused a true and correct copy of the foregoing to be served on Plaintiff OTISCO RDX, LLC, and its attorneys, via email and United States First Class Mail to:

Justin Rayome
1001 West Loop South
Houston, Texas 77027
Justin.rayome.law@gmail.com

Paul Kirklin
KIRKLIN LAW FIRM PLLC
12600 North Featherwood Drive, Suite 225
Houston, Texas 77034
pkirklin@kirklinlaw.com

Kiernan McAlpine
MCALPINE LAW FIRM, PLLC
440 Louisiana Street, Suite 350A
Houston, Texas 77002
kier@mcalpinelaw.com
service@mcalpinelaw.com

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch
