# EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

## ORDER ON EMERGENCY MOTION FOR CONTEMPT

Before the Court is the Emergency Motion for Contempt against Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC and Justin Rayome (ECF No. 931) filed by National Bank of Kuwait, S.A.K.P. ("NBK") and the Supplement thereto (ECF No. 986). For the reasons stated both on the record and in this order the motion is granted.

Hearing was held on February 11, 2025, and the Court heard from two witnesses. The first Justin Rayome is corporate counsel for Jetall Companies, Jetall Capital and 2425 WL, LLC, and he works under the direct supervision of Ali Choudhri. His legal work as corporate counsel appears to encompass any area in which Ali Choudhri has an interest both personal and/or business. He by his own testimony works at Ali Choudhri's direction and at times has blindly followed his instructions to his detriment. The Court reminds Rayome both of his duty to adhere to the Texas Rules of Professional Conduct and Federal Rule of Civil Procedure 11, which to this point he seems to be blindly oblivious. It was only his truthful and what appeared to the Court to be embarrassing testimony that allows the Court to grant grace in this order and not more heavily sanction him for his numerous violations of both.

The second witness, Dward Darjean appeared pursuant to the Court's order requiring a corporate representative to appear for Jetall Companies, Inc., Jetall Capital, LLC, and 2425 WL, LLC (ECF No. 946). The Court holds that given his testimony he was (1) not the required corporate representative of any of the entities and (2) was unbelievable in his testimony. The Court noted on the record that Darjean had previously testified before this Court on January 31, 2024 (ECF No. 97) and his testimony was, in part, a major reason why the Court appointed a Chapter 11 Trustee in this case. His lack of actual knowledge regarding the facts of this case both in January of 2024 and as of the date of this hearing is astonishing. His testimony was of no benefit to the Court other than reinforcing the appearance that Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC and Justin Rayome intentionally violated this Court's Sale Order.

This case has a long procedural history, however, the relevant facts to this motion begin on July 8, 2024, when this Court entered its sale order (ECF No. 608) (the "Sale Order"). It authorized the sale of 2425 West Loop South free and clear of all liens, claims, encumbrances and other interests. Its language, given the significant litigation stance between the affected parties is broad in scope. Among other provisions it provides:

1 / 6

> All persons (and their respective successors and assigns) including all debt security holders, equity security holders, governmental tax and regulatory authorities, lenders, customers, vendors, employees, former employees, litigation claimants, trade creditors, and any other creditors or parties-in-interest who may or do hold claims against the Debtor, the Purchased Assets, the Debtor's business, and/or the Debtor's estate, are hereby **forever barred, estopped, and permanently enjoined** from asserting or pursuing such claims against the Buyer, its affiliates, successors, assigns, its property, or the Purchased Assets, including taking any of the following actions with respect to any such claims: (i) **commencing or continuing in any manner any action**, whether at law or in equity, in any judicial, administrative, arbitral, or any other proceeding, against the Buyer, its affiliates, successors, assigns, assets (including the Purchased Assets), or properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyer, its affiliates, successors, assigns, assets (including the Purchased Assets), or properties; (iii) **creating, perfecting, or enforcing any claim against the Buyer**, its affiliates, successors, assigns, assets (including the Purchased Assets), or properties; (iv) asserting a claim as a setoff, recoupment, or right of subrogation against any obligation due to the Buyer, its affiliates, or its successors or assigns; or (v) **commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Sale Order** or the agreements or actions contemplated or taken in respect thereof. Following the Closing, no holder of any lien, claim, encumbrance, or other interest shall interfere with the Buyer's title to or use and enjoyment of the Purchased Assets based on or related to any such lien, claim, encumbrance, or other interest or based on any action the Debtor, Trustee, or Buyer may take prior to the Closing.[1] (emphasis added).
>
> Following the Closing, no holder of any liens, claims, encumbrances, or other interests with respect to the Purchased Assets (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement) **or other party in interest may interfere with the Buyer's use and enjoyment of the Purchased Assets** based on or related to such liens, claims, encumbrances, or other interests, or any actions that the Debtor or the Trustee may take in the Chapter 11 Case, and no party may take any action to prevent, interfere with, or otherwise enjoin consummation of the Sale Transaction.[2] (emphasis added).

Irrespective of the broad language in the Sale Order, between July 8, 2024, and the hearing date of February 11, 2025, there have been ongoing disputes regarding the Sale Order's terms. On November 18, 2024, NBK filed an Emergency Motion to Enforce the Sale Order (ECF No 816) seeking to evict Jetall Companies, Inc. On December 2, 2024, NBK filed a Renewed Emergency Motion to Enforce the Sale Order against Jetall Companies, Inc. (ECF No. 838), a Second Emergency Motion to Enforce the Sale Order against 2425 WL, LLC (ECF No. 839), NBK removed a lawsuit filed by Jetall Companies, Inc. on December 3, 2024 (ECF No. 840).[3] A Third

---

[1] ECF No. 608, page 15, ¶10.
[2] ECF No. 608, page 28, ¶36.
[3] Adversary No. 24-03257.

2 / 6

Emergency Motion to Enforce the Sale Order was filed by NBK (ECF No. 895) on December 10, 2024. NBK has also filed a Fourth Emergency Motion to Enforce Sale Order on January 27, 2025 (ECF No. 957). In addition, this Court has been forced to order the release of a spurious Deed of Trust (ECF No. 872) and cancel various improper Lis Pendens (ECF No. 911, ECF No. 958).

On January 17, 2025, NBK filed this Emergency Motion for Contempt. As it sets forth:

> Within the last month, this Court entered three separate orders (the "Enforcement Orders") enforcing the Sale Order. Each Enforcement Order bars Jetall Companies and 2425 WL, their principal Ali Choudhri ("Mr. Choudhri"), and any Choudhri-related entity from interfering with the use and enjoyment of the Property. The Enforcement Orders (i) required Jetall Companies to vacate the Property; (ii) released the fraudulent deed of trust on the Property recorded by 2425 WL; and (iii) canceled the lis pendens against the Property recorded by Jetall Companies. *(footnotes omitted).*[4]

In blatant disregard of the Court's previous enforcement of the Sale Order on January 15, 2025, Jetall Companies, Inc. Jetall Capital, LLC and 2425 WL, LLC, through their in house counsel, Justin Rayome, contacted Carol Bernard, Vice President at First American Title via email and "suggested" that "you do not take any action with respect to the sale of the property until the appeal is resolved" attaching legal pleadings and further stating that "[t]his letter is to advise you that any disposition of the property while this matter is pending appeal is subject to recoupment/recission should the court make such a determination.[5] This statement is wholly without any factual or legal basis.[6]

There is no evidence that Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC and Justin Rayome were not aware of the Sale Order and developments in this case. They were served motions in this case, filed legal pleadings via counsel and received notice of the entry of orders. The Court holds that each of these entities were aware of the Sale Order's terms and the ongoing developments in this case.

Irrespective of the ongoing Motion for Contempt filed on January 17, 2025, the violations of the Sale Order continued. The day of the scheduled hearing on the Motion for Contempt NBK became aware of a second email. On January 29, 2025, Ali Choudhri sent another email to First American Title, which again violated the Sale Order. Ali Choudhri is the principal of Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC and Justin Rayome's employer.

The second email induced the Court to enter an Interim Order on Motion for Contempt (ECF No. 976) stating:

> Pending further order of the Court, Lance Nguyen, Justin Rayome, Ali Choudhri, any entity under the control of Ali Choudhri, and any individual acting on behalf of Ali Choudhri or any entities that he controls are enjoined and barred from taking

---

[4] ECF No. 931, page 2, ¶1.
[5] ECF No. 931-1.
[6] The Sale Order is a final, non-appealable order.

3 / 6

> any action or engaging in any conduct that interferes with the use and enjoyment of the Property by NBK or Houston 2425, including without limitation:
> a. commencing any action in any court related to the Debtor or the Propety (sic), excluding appeals of orders of this Court other than of this Order;
> b. contacting, forwarding information to, or otherwise communicating with any title company regarding the Property without the express consent of National Bank of Kuwait, S.A.K.P., New York Branch; and
> c. recording any instrument, including without limitation any notice of lis pendens, on the Property.

There is no doubt that the two emails violated the Sale Order and that holding the parties in civil contempt for violation of the Court's Sale Order is appropriate. The Court finds that judicial sanctions in civil contempt proceedings are proper in this case, here they are employed both to coerce Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC and Justin Rayome into compliance with the court's previous orders, and to compensate the complainant for losses it sustained.

As held by the Supreme Court in Taggart,[7] the standard for determining whether a party is in civil contempt is an objective one. In the bankruptcy context, a party may be held in contempt where "no fair ground of doubt" exists as to whether the party's conduct was lawful under the bankruptcy court's order. "A party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." A party's subjective belief, however, may be considered in determining the appropriate sanction for civil contempt.

Three elements must be proven for a court to hold a party in contempt: (1) the party violated a definite and specific order of the court requiring him to refrain from performing particular acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct. Here the record is abundantly clear that all three elements have been met.

Jetall Companies, Jetall Capital, 2425 WL, and Mr. Rayome interfered with NBK's use and enjoyment of the Property in advising the title company "not to take any action with respect to the sale of the [P]roperty." A review of the docket and testimony elicited at the hearing clearly reflects that Jetall Companies, Jetall Capital, 2425 WL, and Mr. Rayome had knowledge of the relevant provisions of the Sale Order. Additionally, there is no fair ground of doubt that the Sale Order barred such communication because the email on its face is intended to have the same effect as the fraudulent deed of trust, and the various canceled lis pendens. Accordingly, the emails warrant a finding of contempt and additional deterrence.

Upon consideration of the Motion for Contempt, all objections thereto, and all proceedings before the Court; the Court **FINDS** Jetall Companies, Jetall Capital, 2425 WL, and Mr. Rayome in contempt for violation of this Court's Sale Order. It is therefore **ORDERED**:

---

[7] T*aggart v. Lorenzen*, 139 S. Ct. 1795 (2019).

4 / 6

Mr. Rayome, Mr. Ali Choudhri, any affiliate, any person or entity under the direct or indirect control of Mr. Ali Choudhri, and any individual acting on behalf of Mr. Ali Choudhri or any entities that he directly or indirectly controls are enjoined from interfering with any transaction involving the Property in any manner whatsoever, excluding appeals.[8]

A monetary sanction of $25,000 will be imposed against Mr. Ali Choudhri, any affiliate, any person or entity under the direct or indirect control of Mr. Ali Choudhri, and any individual acting on behalf of Mr. Ali Choudhri or any entities that he directly or indirectly controls for each future violation of this Court's orders.

A sanction of a 180-day bar from appearing before this Court will be imposed against Mr. Rayome for each future violation of this Court's orders.

Jetall Capital and Jetall Companies shall pay $25,000 to the Court for the January 29, 2025, email sent in violation of the Sale Order as set forth in paragraph 7.a of this Court's January 28, 2025 order [ECF No. 958].

Jetall Companies, Inc. Jetall Capital, LLC and 2425 WL, LLC and Justin Rayome jointly and severally shall pay within 14 days of the entry of this order the sum of $25,000.00 to National Bank of Kuwait, S.A.K.P. via its counsel Pillsbury, Winthrop, Shaw and Pittman, LLP as compensation for prosecution of the Motion for Contempt and its Supplement.

Mr. Ali Choudhri, any affiliate, any person or entity under the direct or indirect control of Mr. Ali Choudhri, and any individual acting on behalf of Mr. Ali Choudhri or any entities that he directly or indirectly controls are enjoined from commencing or continuing any litigation in any court against NBK, its current, past, or future affiliates, counsel, lawyers, advisors, service providers, agents, employees, officers, or directors without first obtaining a determination from this Court that the claims are colorable, do not belong to the debtor's estate, and are being pursued in good faith and not for any vexatious or otherwise improper purpose.

The entry of this order is without prejudice to NBK's rights to any pending request for relief from the Court regarding Jetall Companies, Inc., Jetall Capital, LLC, or any affiliated party's violations of this Court's orders and the attorneys' fees, costs, and other expenses NBK has incurred as a result of such violations or any future requests for relief.

---

[8] This Court on numerous occasions has stated on the record that it welcomes appeals and that they are appropriate when the parties disagree with this Court's factual or legal findings. However, the Court cannot condone non-appeal activity that violate the specific terms of this Court's Sale Order. Activity in this case which directly seeks to usurp this Court's authority over property of the debtor's estate by impairing its disposition.

5 / 6

This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

Future violations of the Sale Order are subject to enhanced monetary sanctions.

**SO ORDERED.**

    SIGNED 02/12/2025

_____
Jeffrey Norman
United States Bankruptcy Judge