IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | Case No. 24-51195-mmp |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| | § | |
| OTISCO RDX, LLC, | § | |
| | § | |
| Plaintiff | § | Adversary No. 25-05040-mmp |
| | § | |
| v. | § | |
| | § | |
| RIC (LAVERNIA) LLC, AND TIG ROMSPEN US MASTER MORTGAGE LP, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

For the following reasons, RIC (Lavernia) LLC ("Debtor") and TIG Romspen US Master Mortgage LP ("TIG Romspen, and together with Debtor, the "Defendants") object to *Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (the "Motion to Reconsider") [ECF No. 19] filed by Plaintiff OTISCO RDX, LLC ("OTISCO"):

1

## INTRODUCTION

OTISCO—with its team of at least six licensed attorneys,[1] four of which are counsel of record for OTISCO[2]—seeks reconsideration of the Court's ruling on *Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (the "MTD") [ECF No. 4], offering no justification other than the tragic death of Mr. Kell Mercer, an attorney who has never appeared as counsel for OTISCO but who OTISCO now claims was its "litigation counsel." *See* Mot. to Reconsider at 1.

OTISCO offered this same bogus excuse when it, on mere hours' notice, sought an emergency continuance of the hearing on the MTD. *See* ECF No. 13; *see also* **Exhibit A**, Transcript of June 2 Hearing at 7–9 (argument by Mr. McAlpine on motion to continue). Just as the Court denied OTISCO's emergency motion to continue the hearing on the MTD, so too should the Court deny OTISCO's Motion to Reconsider.

## BACKGROUND

1. OTISCO is not a creditor of Debtor's bankruptcy estate: it neither appears on the Debtor's schedule of creditors [*see* Case No. 24-51195 (the "Main BK Case"), ECF No. 20 (Schedules D and E/F)] nor on the Court's claims register of

---

[1] Justin Rayome; Kiernan McAlpine; Gia Samavati; Eric Taube; Shea Palavan; and Paul Kirklin. *See* Exhibit 2 to Mot. to Reconsider (email chain involving Mr. Rayome, Mr. McAlpine, Ms. Samavati, and Mr. Taube); *see also* Main BK Case, ECF No. 80 (filed under Mr. Palavan's CM/ECF credentials); Main BK Case, ECF No. 89 (filed under Mr. Kirklin's CM/ECF credentials).

[2] Justin Rayome; Kiernan McAlpine; Shea Palavan; and Paul Kirklin. *See* Main BK Case, ECF No. 80 (signed by Mr. McAlpine and filed by Mr. Palavan); Main BK Case, ECF No. 89 (signed by Mr. Rayome and filed by Mr. Kirklin); Main BK Case, ECF Nos. 102, 103, 104, 117, 122 (signed and filed by Mr. McAlpine); Main BK Case, ECF Nos. 107, 129 (signed and filed by Mr. Rayome); *see also* ECF Nos. 1, 3 (signed by Mr. Rayome and filed by Mr. Kirklin); ECF No. 13 (signed and filed by Mr. McAlpine).

creditors who have filed proofs of claims against the Debtor's estate [*see* Main BK Case, Claims Register].³ Moreover, OTISCO is not treated in any way in the Debtor's proposed chapter 11 plan. *See* Main BK Case, ECF No. 67.

2. Nevertheless, on March 26, 2025—nine months after Debtor commenced its bankruptcy proceeding—OTISCO appeared for the first time in the Main BK Case and filed *OTISCO RDX, LLC's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan* (the "Plan Objection"). *See* Main BK Case, ECF No. 80.

3. Debtor moved to strike the Plan Objection because OTISCO lacked standing as a party in interest to object to the plan. *See* Main BK Case, ECF No. 83.

4. In the evening of June 1, 2025—the day before the Court was set to hear both Debtor's motion to strike and Defendants' MTD—OTISCO filed an *Emergency Motion to Continue Hearing* (the "Motion to Continue") [Main BK Case, ECF No. 102] seeking a continuance of the hearing on Debtor's motion to strike. In support of OTISCO's last-minute request, OTISCO pointed to the death of Mr. Kell Mercer and Mr. Justin Rayome's alleged recent hospitalization. *See* Mot. to Continue.

5. The Court set an emergency hearing on the Motion to Continue to take also take place on June 2, 2025. *See* Main BK Case, ECF No. 104.

6. Mere hours before the June 2 hearing was to take place, OTISCO filed a *Notice of Motion and Hearing Regarding OTISCO RDX, LLC's Emergency Motion to Continue Hearing* [ECF No. 13] purporting that the Motion to Continue filed in the

---

³ The deadline for non-governmental entities to file a proof of claim in this case passed on October 29, 2024. *See* ECF No. 5.

3

Main BK Case, and the hearing set thereon by the Court, also applied to hearing on the MTD.

7. As the Court noted at the June 2 hearing, OTISCO had not filed a motion in the adversary proceeding to continue the hearing on the MTD; only a motion to continue the hearing on the motion to strike filed in the Main BK Case. *See* **Exhibit A**, Tr. at 5:12–25. In any event, the Court afforded OTISCO the benefit of the doubt and allowed OTISCO's counsel to argue his position on continuing the hearing on both the motion to strike and the MTD. *See id.* at 6:21–24.

8. After hearing argument from both sides, the Court denied the Motion to Continue—both as to the hearing on the motion to strike and the hearing on the MTD—finding that (i) Mr. Rayome's excuse lacked credibility; and (ii) Mr. Mercer's death was immaterial to the matter at hand because Mr. Mercer was not, and had never been, counsel of record for OTISCO in this bankruptcy case. *See id.* at 17:14–15 ("I'm having a lot of trouble believing Mr. Rayome"); 18:5–9 ("Mr. Mercer is not counsel of record. And the fact that the parties might have been relying upon him in no way should have affected your obligation to file a motion for continuance well beyond the day before the hearing on the matter."). The Court then heard and granted the MTD, dismissing the Complaint with prejudice.

9. On June 3, 2025, the Court entered its *Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (the "Order") [ECF No. 15], of which OTISCO now seeks reconsideration.

## **ARGUMENT**

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Indeed, the standards applicable to Federal Rule of Civil Procedure 59(e), under which OTISCO brings its Motion to Reconsider, "favor the denial of motions to alter or amend a judgment." *See S. Constructors Grp. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). OTISCO offers little (if any) reason to reconsider the Court's Order. The only basis raised in the Motion to Reconsider is Mr. Mercer's death—the same basis that OTISCO advanced in support of the Motion to Continue, which the Court rejected.

The Fifth Circuit has identified "two important judicial imperatives relating to [motions for reconsideration]: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *See Templet*, 367 F.3d at 479. As such, "Rule 59(e), 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

The Motion to Reconsider does not present a single additional fact that would support OTISCO's opposition to the motion to strike. At most, the Motion to Reconsider vaguely suggests that OTISCO should be afforded "an opportunity to fully and fairly respond to the dispositive motion," and that "[f]undamental fairness supports a brief reopening of proceedings to avoid judgment by default under such tragic and prejudicial conditions." *See* Mot. to Reconsider at 2.

5

First, OTISCO did have an opportunity to "fully and fairly respond to the dispositive motion:" it had twenty-one days from the date the MTD was filed. And, according to Exhibit 2 to the Motion to Reconsider, OTISCO had a team of at least six attorneys at its disposal. Not one of those six attorneys filed a response advocating OTISCO's position; nor did any of the six move for an extension of time to respond.

Second, the Court's Order was not a "judgment by default" against OTISCO. OTISCO had its day in court, and it took it: the Court heard oral argument from Mr. McAlpine, OTISCO's counsel of record, at the June 2 hearing. Ultimately, OTISCO failed to show the Court that its Complaint stated a claim upon which relief could be granted.

## CONCLUSION

At bottom, OTISCO had an opportunity to file a written response to the MTD; it did not. OTISCO also had an opportunity to seek a continuance or leave to file a late response; it did not. Finally, OTISCO had an opportunity to present oral argument against the motion to strike; it did, through its counsel of record, Mr. McAlpine. *See* **Exhibit A**, Transcript of June 2 Hearing. There is no reason to grant OTISCO another bite at the apple—certainly not because of the death of an attorney who has never appeared as counsel of record for OTISCO, particularly when OTISCO is represented by at least six other attorneys.

For the above reasons, Defendants respectfully request that the Court deny OTISCO's Motion to Reconsider.

Respectfully submitted this 25th day of June 2025,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
      luke.graham@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

***Counsel for the Defendants***

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2025, I caused a true and correct copy of the foregoing to be served on Plaintiff OTISCO RDX, LLC, and its attorneys, via email and United States First Class Mail to:

Justin Rayome
1001 West Loop South
Houston, Texas 77027
Justin.rayome.law@gmail.com

Paul Kirklin
KIRKLIN LAW FIRM PLLC
12600 North Featherwood Drive, Suite 225
Houston, Texas 77034
pkirklin@kirklinlaw.com

Kiernan McAlpine
MCALPINE LAW FIRM, PLLC
440 Louisiana Street, Suite 350A
Houston, Texas 77002
kier@mcalpinelaw.com
service@mcalpinelaw.com

                                              */s/ Kyle S. Hirsch*
                                              Kyle S. Hirsch