IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| RIC (LAVERNIA) LLC, | § § | Case No. 24-51195-mmp |
| Debtor | § § § | Chapter 11 |
| | | |
| OTISCO RDX, LLC, | § § § | |
| Plaintiff | § § | Adversary No. 25-05040-mmp |
| v. | § § § | |
| RIC (LAVERNIA) LLC, AND TIG ROMSPEN US MASTER MORTGAGE LP, | § § § § § | |
| Defendants. | § § | |

### RAYOME'S AND KIRKLIN'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS AND AWARD OF ATTORNEYS' FEES

**TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTCY JUDGE:**

Justin Rayome and Paul Kirklin are attorneys that have represented Ali Choudhri and entities owned or operated by him in various matters, including OTISCO RDX, LLC in the current case. Several of these matters involve real estate and foreclosure disputes, including legitimate problems with the appointment of substitute trustees and other procedural deficiencies. The foreclosures in question have several times relied on the use of video evidence of foreclosure proceedings to document deficiencies in the foreclosure process.

1 | Page

The Plaintiff's Original Complaint for Declaratory Judgment (the "Complaint") that was filed in this case alleged primarily that there was a failure to appoint the substitute trustees to conduct the foreclosure sale, and that this was supported by video evidence of the event. Rayome and Kirklin did not invent this allegation out of thin air, and it was not asserted in bad faith. The allegations in the Complaint were based strictly on the information that had been provided to them. They had not yet seen the video evidence in question at the time the Complaint was filed, but according to the information they had been given, such evidence would be forthcoming.

According to the evidence attached to RIC (Lavernia) LLC's ("RIC") and TIG Romspen US Master Mortgage LP's ("Romspen") (or collectively "Defendants") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, it appears that the information that Rayome and Kirklin had relied upon was incorrect.

A.  **Rule 11 of the Federal Rules of Civil Procedure**

Romspen's chief complaint is that Rayome and Kirklin should not have simply relied on the information provided, but that they should have done their own investigation to verify these allegations.

There is no evidence Rayome or Kirklin *intentionally* made statements in the Complaint that turned out to be contradicted by the evidence submitted by the Defendants. They were simply relying on the information that had been provided to them. Thus, the key question is: *to what extent is an attorney entitled to rely on information provided to him in making allegations in a complaint?*

This question is answered by Rule 11 of the Federal Rules of Civil Procedure, which is mirrored by Rule 9011 of the Federal Rules of Bankruptcy Procedure. Any reference to "Rule 11" includes both Rule 11 and Rule 9011, which states the following:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading…an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> …(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…
>
> (c) SANCTIONS…the court may impose an appropriate sanction on any attorney…that violated the rule….

Romspen would argue that Rayome and Kirklin failed to comply because the factual contentions did NOT have evidentiary support, but Rayome and Kirklin would counter by pointing out that they believed they would likely have evidentiary support after a reasonable opportunity for further investigation.

These points can be debated, but even if it is assumed that Rayome and Kirklin utterly failed to comply with Rule 11(b), there is a **cure period** for such violations in Rule 11(c)(2):

> MOTION FOR SANCTIONS. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but **it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service**…. (emphasis added)

Thus, even if Rayome and Kirklin had completely failed to verify the evidentiary support for the claims made in the Complaint, and even if it was NOT likely that they would ever find evidentiary support for such claims; the rules are crystal clear that they

3 | Page

would still be given 21 days after the filing of the Defendant's Motion for Sanctions as a "safe harbor" period to cure any such deficiencies.

This 21-day "safe harbor" period applies to complaints. *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997*); In re Pennie & Edmonds LLP*, 323 F.3d 86 (2d Cir. 2003); *Jackling v. Brighthouse Life Ins. Co.*, 2022 WL 831497 (W.D.N.Y. Mar. 21, 2022); *Hocker v. CitiMortgage, Inc.*, 2012 WL 174967 (M.D. Pa. Jan. 20, 2012); *See also* the 1993 Advisory Notes to Rule 11.

Although Rule 11 is the obvious sanctions rule that would apply for an attorney that had allegedly failed to properly investigate the evidentiary support for factual allegations contained in a complaint, the Defendants are not seeking sanctions under Rule 11, and the reason is obvious: **_Because Rule 11 has a cure period_**, and that defeats their whole purpose.

Out of an abundance of caution, even though the Defendants are not seeking sanctions under Rule 11, in a separate filing, OTISCO is withdrawing the Complaint and filing a Motion for Voluntary Dismissal. OTISCO is thereby exercising its rights to take advantage of the 21-day safe harbor period.

**B.     28 U.S.C § 1927**

Instead of seeking sanctions under the sanctions rule that might arguably apply in this case, Rule 11, the Defendants attempt to re-package their complaint about an alleged failure to sufficiently investigate the evidentiary support for factual allegations into an alleged violation of 28 U.S.C. § 1927, which does not apply:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to

satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This rule does not match the Defendants' argument. The Defendants do not claim that Rayome and Kirklin have overwhelmed them with multiple proceedings in this case. On the contrary, the Defendants have complained that if anything, Rayome and Kirklin have not done enough in this case:

> [Rayome and Kirklin] filed no response to the MTD, nor did Rayome or Kirklin appear at the hearing on the MTD (only McAlpine). **By all indications, Rayome and Kirklin abandoned this suit.**[1]

This is the exact opposite of a violation of 28 U.S.C. § 1927. Rayome and Kirklin are not being accused of doing too much, but too little. The applicable sanctions rule that might arguably have applied in this case is Rule 11, but since that sanctions rule had a cure period, the Defendants are attempting to put a square peg in a round hole with 28 U.S.C. § 1927.

Regarding the alleged abandonment of the suit, once the case was filed, Rayome took over the case from Kirklin, and then Kell Mercer and Kiernan McAlpine took over the case from Rayome. The Motion to Dismiss was filed on May 8, 2025, by which time Rayome and Kirklin had already moved on to other matters. Then Kell Mercer died tragically on May 13, 2025, and Rayome was hospitalized. At that time Kirklin was still under the impression that other lawyers were handling the case, and he wasn't aware that there was any failure to respond to the Defendants' Motion to Dismiss until the day of the hearing on June 2, 2025. These were extraordinary circumstances that resulted in temporary chaos in the representation of OTISCO in this case. It was unusual, and it was

---

[1] Motion for Sanctions @ page 7 (emphasis added)

certainly not a result of intentional abandonment of the case or bad faith by Rayome or Kirklin.

The U.S. Supreme Court has cautioned that courts should rely on Rule 11 when its provisions are applicable, rather than resorting to inherent powers or statutes like § 1927:

> **…when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules….[2]**

That is the case here. If anything, the alleged sanctionable conduct is a classic Rule 11 infraction, which can be cured, not a violation of 28 U.S.C. § 1927 (the rule against overwhelming the opposition in a case with a multitude of filings over a prolonged period of time). When alleged sanctionable conduct can be sanctioned by the Rules, courts should rely on the Rules.

This case is distinguishable from *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019). In *Morrison*, the attorney's conduct involved the persistent prosecution of a meritless claim over an extended period, repeatedly filing documents based on a baseless allegation despite clear evidence to the contrary. *Morrison* @ 639. The court found that Morgan's actions unnecessarily prolonged the litigation, forcing the defendant to defend a claim that was obviously barred by judicial immunity for *multiple years*.

In contrast, Rayome's and Kirklin's filed a single filing alleging a failure to appoint a substitute trustee based on information provided to them, and they did not engage in repeated filings or persistent prosecution over an extended period of time. The case was started on May 1, 2025 and ended on June 2, 2025 after a single motion.

---

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 2136, 115 L. Ed. 2d 27 (1991) (emphasis added)

The 11th Circuit has discussed the difference between the applicability of Section 1927 and Rule 11 as follows:

> Section 1927, unlike Rule 11, permits sanctions for conduct that 'unreasonably and vexatiously' multiplies the proceedings. ... [Section 1927] is not tied to the signing of a particular pleading or document, as is Rule 11, but instead focuses on the attorney's conduct throughout the litigation. ... Rule 11 sanctions are properly applied to a specific filing or contention that is found to be frivolous or without merit, while § 1927 sanctions are appropriate when an attorney's conduct throughout the litigation is egregious and results in unnecessary delay or expense.[3]

In this case, the Defendants are complaining about one specific pleading, not the attorneys' conduct throughout prolonged litigation. The entire case from the Original Complaint to Final Judgment lasted only 32 days, which is extremely short for any lawsuit. For the foregoing reasons, *Morrison* does not impose sanction liability on Rayome and Kirklin.

This case is also distinguishable from *Edwards v. General Motors Corp.*, 153 F.3d 242 (5th Cir. 1998). In *Edwards*, Crampton expressly conceded that she no longer intended to pursue the case after December 7, 1996. Nevertheless, she continued pursuing the case. She filed witness and exhibit lists, requested extensions, and moved for a trial continuance, despite knowing the case was meritless and intending to abandon it. These actions forced GM to continue incurring costs to prepare for trial, constituting "unreasonable and vexatious" conduct under § 1927.

In the current case, Kirklin has done nothing at all to extend the case past the very first day, which is when his participation ended. Upon learning of the judgment, Rayome filed a Motion to Vacate based on Kell Mercer's death, but now that he has had a chance

---

[3] *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180 (11th Cir. 2006)

to review the Defendants' Motion for Sanctions, he is withdrawing the Complaint in accordance with the Rule 11 safe harbor period. For the foregoing reasons, *Edwards* does not apply to impose sanction liability on Rayome or Kirklin.

**C.     Inherent Power**

The Defendants quote *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) in their section on sanctions under the Court's inherent power, but this case strongly supports Rayome and Kirklin as follows:

> When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power.

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S. Ct. 2123, 2136, 115 L. Ed. 2d 27 (1991).

In this case, assuming the alleged misconduct rose to the level of being sanctionable, Rayome and Kirklin could be adequately sanctioned under Rule 11. Thus, the court should rely on Rule 11 rather on its inherent power to impose sanctions under unusual or extraordinary circumstances in which the statutes and Rules are somehow insufficient.

**D.     The Requested Sanctions are NOT Reasonable and Necessary to Advance Justice or Deter Future Abusive Tactics**

Rayome and Kirklin have been sufficiently cautioned about being more careful about filing complaints based on information that was provided to them without doing a more thorough investigation of the underlying evidentiary support. Sanctions are not needed to ensure a more cautious approach in the future for them both.

## CONCLUSION

For the foregoing reasons, Rayome and Kirklin respectfully request that the Defendants' Motion for Sanctions and Award of Attorneys' Fees be denied.

Respectfully submitted,

*/s/ Stephen R. Kirklin*
Stephen R. Kirklin
skirklin312@gmail.com
Bar No. 11523700
529 Stone Crossing
Webster, TX 77598
(713) 419-2789
(281) 605-5252 – Fax
*Attorney for Rayome and Kirklin*

CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2025, I caused a true and correct copy of the foregoing to be served on the Defendants and their attorneys via email and United States First Class Mail to:

BRYAN CAVE LEIGHTON PAISNER LLP
Kyle Hirsch
Justin Danna
R. Luke Graham
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com
luke.graham@bclplaw.com

Brigid K. Ndege
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315
Brigid.ndege@bclplaw.com

                                                     */s/ Stephen R. Kirklin*
                                                     Stephen R. Kirklin