IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| RIC (LAVERNIA) LLC, § § | Case No. 24-51195-mmp | |
| Debtor § § | Chapter 11 | |
| | | |
| OTISCO RDX, LLC, § § § | | |
| Plaintiff § | Adversary No. 25-05040-mmp | |
| § § | | |
| v. § § | | |
| RIC (LAVERNIA) LLC, AND TIG § ROMSPEN US MASTER § MORTGAGE LP, § § | | |
| Defendants. § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
FOR SANCTIONS AND AWARD OF ATTORNEYS' FEES**

**TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTCY JUDGE:**

OTISCO RDX, LLC's ("OTISCO") Original Complaint for Declaratory Judgment (the "Complaint") alleged primarily that there was a failure to appoint the substitute trustees to conduct the foreclosure sale, and that this was supported by video evidence of the event.

There was a delay in locating this video evidence, but it has just now been found this evening. The problem with the foreclosure sale was that the auctioneer sold the property for $550,000 to Ali Choudhri's agent, Drew Simmons, but then this sale was

1 | Page

ignored and the property was sold to RIC (Lavernia) LLC instead. The video unfolds as follows:

> Auctioneer: "So, we have a low-high on this, if you guys are familiar…. So they want to go in $50,000 increments…. I have to start at the low, but in order to buy it, you've got to go over the high. If you want this property, you've got to get over $500,000. So I'm going to not waste anyone's time and we are going to start at $500,000. So I have a bid from the lender of $500,000 even. Do I have any other bids guys? $500,000."
>
> Ali Choudhri's agent Drew Simmons bids: "$550,000"
>
> Auctioneer: "I'm at 550 with Drew. Guys, going once, going twice, sold to Drew at 12:30."[1]

Despite this video evidence of the sale to Ali Choudhri's agent, Drew Simmons, the auctioneer then sold the property to another RIC (Lavernia) LLC for $2,000,000.[2]

OTISCO believes that based on the video this foreclosure auction was mishandled and that this constituted a wrongful, invalid, and void foreclosure. The video will be presented at the sanctions hearing to show that there was a good faith basis for challenging the foreclosure.

There was a lack of clarity regarding the precise basis for the legal deficiencies of the foreclosure sale. OTISCO's attorneys had not seen the video in question, and the legal deficiencies had been communicated second and third hand, which resulted in a somewhat distorted explanation of the claims in the Original Complaint. In an Amended Complaint these issues could have been corrected, but the Motion to Dismiss and for Summary Judgment came right at the time when Kell Mercer had died tragically and Justin Rayome was in the hospital, so the deadline for responding was missed, and since the video had not been located up to that point, this made it appear that the Complaint lacked adequate

---

[1] Exhibit A – Declaration of Justin Rayome
[2] Exhibit A – Declaration of Justin Rayome

2 | Page

grounds. But this is not the case. There was a good faith basis for challenging the validity of the foreclosure sale. The auctioneer had announced on video that the property had been sold to Ali Choudhri's agent, and then she sold it to someone else.

OTISCO, Rayome, and Kirklin were not committing a fraud on the Court or intentionally causing delays or added expense. They were attempting to articulate the legal problems with a foreclosure sale based on a video from a year and a half ago that no one could find at the time, which would be updated as soon as it was found. Then in the middle of this process they were thrown into disarray as a result of Kell Mercer dying and Justin Rayome being hospitalized.

A.   **28 U.S.C § 1927**

28 U.S.C. § 1927 reads as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This rule does not match the Defendants' argument. The Defendants do not claim that OTISCO have overwhelmed them with multiple proceedings in this case. On the contrary, the Defendants have complained that if anything, OTISCO has not done enough in this case:

> [OTISCO] filed no response to the MTD, nor did Rayome or Kirklin appear at the hearing on the MTD (only McAlpine). **By all indications, Rayome and Kirklin abandoned this suit.**[3]

This is the exact opposite of a violation of 28 U.S.C. § 1927. OTISCO is not being accused of doing too much, but too little. The applicable sanctions rule that might arguably

---

[3] Motion for Sanctions @ page 7 (emphasis added)

have applied in this case is Rule 11, but since that sanctions rule had a cure period, the Defendants are attempting to put a square peg in a round hole with 28 U.S.C. § 1927.

Regarding the alleged abandonment of the suit, once the case was filed, Rayome took over the case from Kirklin, and then Kell Mercer and Kiernan McAlpine took over the case from Rayome. The Motion to Dismiss was filed on May 8, 2025, by which time Rayome and Kirklin had already moved on to other matters. Then Kell Mercer died tragically on May 13, 2025, and Rayome was hospitalized. At that time Kirklin was still under the impression that other lawyers were handling the case, and he wasn't aware that there was any failure to respond to the Defendants' Motion to Dismiss until the day of the hearing on June 2, 2025. These were extraordinary circumstances that resulted in temporary chaos in this case. It was unusual, and it was certainly not a result of intentional abandonment of the case or bad faith by OTISCO.

This is not a violation of 28 U.S.C. § 1927 (the rule against overwhelming the opposition in a case with a multitude of filings over a prolonged period of time).

This case is distinguishable from *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019). In *Morrison*, the attorney's conduct involved the persistent prosecution of a meritless claim over an extended period, repeatedly filing documents based on a baseless allegation despite clear evidence to the contrary. *Morrison* @ 639. The court found that Morgan's actions unnecessarily prolonged the litigation, forcing the defendant to defend a claim that was obviously barred by judicial immunity for *multiple years*.

In contrast, OTISCO filed a single filing alleging a failure to appoint a substitute trustee based on a hazy memory of the video evidence, and they did not engage in repeated

filings or persistent prosecution over an extended period of time. The case was started on May 1, 2025 and ended on June 2, 2025 after a single motion.

The 11th Circuit has discussed the difference between the applicability of Section 1927 and Rule 11 as follows:

> Section 1927, unlike Rule 11, permits sanctions for conduct that 'unreasonably and vexatiously' multiplies the proceedings. ... [Section 1927] is not tied to the signing of a particular pleading or document, as is Rule 11, but instead focuses on the attorney's conduct throughout the litigation. ... Rule 11 sanctions are properly applied to a specific filing or contention that is found to be frivolous or without merit, while § 1927 sanctions are appropriate when an attorney's conduct throughout the litigation is egregious and results in unnecessary delay or expense.[4]

In this case, the Defendants are complaining about one specific pleading, not the attorneys' conduct throughout prolonged litigation. The entire case from the Original Complaint to Final Judgment lasted only 32 days, which is extremely short for any lawsuit. For the foregoing reasons, *Morrison* does not impose sanction liability on OTISCO.

This case is also distinguishable from *Edwards v. General Motors Corp.*, 153 F.3d 242 (5th Cir. 1998). In *Edwards*, Crampton expressly conceded that she no longer intended to pursue the case after December 7, 1996. Nevertheless, she continued pursuing the case. She filed witness and exhibit lists, requested extensions, and moved for a trial continuance, despite knowing the case was meritless and intending to abandon it. These actions forced GM to continue incurring costs to prepare for trial, constituting "unreasonable and vexatious" conduct under § 1927.

In the current case, OTISCO has done almost nothing except file the Original Complaint. Upon learning of the judgment, OTISCO filed a Motion for Reconsideration

---

[4] *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180 (11th Cir. 2006)

based on Kell Mercer's death. For the foregoing reasons, *Edwards* does not apply to impose sanction liability on OTISCO.

**C.      Inherent Power**

There was no bad faith in the filing of this Complaint, and thus, the Court should not sanction OTISCO under its inherent authority.

**D.      The Requested Sanctions are NOT Reasonable and Necessary to Advance Justice or Deter Future Abusive Tactics**

OTISCO have been sufficiently cautioned about being more careful about filing complaints based on information that was provided to them without doing a more thorough investigation of the underlying evidentiary support. Sanctions are not needed to ensure a more cautious approach in the future for them both.

## CONCLUSION

For the foregoing reasons, OTISCO respectfully requests that the Defendants' Motion for Sanctions and Award of Attorneys' Fees be denied.

Respectfully submitted,

*/s/ Justin Rayome*
Justin Rayome
Bar No. 24130709
1001 West Loop South
Suite 700
Houston, TX 77027
(214) 934-9345
*Attorney for OTISCO*

CERTIFICATE OF SERVICE

   I hereby certify that on July 1, 2025, I caused a true and correct copy of the foregoing to be served on the Defendants and their attorneys via email and United States First Class Mail to:

BRYAN CAVE LEIGHTON PAISNER LLP
Kyle Hirsch
Justin Danna
R. Luke Graham
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com
luke.graham@bclplaw.com

Brigid K. Ndege
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315
Brigid.ndege@bclplaw.com

               */s/ Justin Rayome*
               Justin Rayome