IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-51195-MMP |
| | § | |
| RIC (LAVERNIA) LLC, | § | |
|     DEBTOR | § | CHAPTER 11 |

___

| | | |
|---|---|---|
| OTISCO RDX, LLC, | § | |
| | § | |
|     PLAINTIFF | § | |
| V. | § | ADVERSARY NO. 25-05040-MMP |
| | § | |
| RIC (LAVERNIA) LLC, AND | § | |
| TIG ROMSPEN US MASTER | § | |
| MOARTGAGE LP, | § | |
| | § | |
|     DEFENDANT | § | |

## PLAINTIFF'S AMENDED MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

TO THE HONORABLE MICHAEL M. PARKER UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Plaintiff Otisco RDX, LLC ("Plaintiff") and respectfully moves the Court to reconsider its Order [ECF No. 15] entered on June 2, 2025, granting the Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and in support thereof states as follows:

### I. INTRODUCTION

Plaintiff requests that the Court reconsider its ruling under Federal Rule of Civil Procedure 59(e), made applicable by Bankruptcy Rule 9023, on the grounds that the Order was entered during a period when Plaintiff was materially prejudiced in its ability to respond due to the sudden and unexpected death of key counsel integral to Plaintiff's litigation strategy and other counsel checking into rehab.

### II. RELEVANT FACTS

1. Plaintiff incorporates by reference the Motion for Continuance and it attachments filed on July 20, 2025, for all purposes, Docket Number 42.

2. While being drafted by Kell Mercer, this Adversary was filed by Justin Rayome (who is admitted to the Western District of Texas) using the ECF filing credentials of Paul Kirklin, which was the only role Kirklin was to have in the filing. On May 8, 2025, Defendant filed its 12(b)6 motion and as the entire Texas Bankruptcy community now knows, Mr. Mercer died by suicide on May 13, 2025. Likely, Mr. Mercer was suffering from mental illness at the time the opposition was due and did not respond due to the illness.

3. Admittedly, Rayome does not hold himself out to be a bankruptcy attorney and Mercer's death left Otisco without bankruptcy counsel. The response to the 12(b)6 motion would have been due by May 29, 2025, and with or without bankruptcy experience, Rayome had a duty to file a response. However, Rayome in the weeks leading up to June had been receiving mental health treatment for substance abuse. On May 27, 2025, Rayome checked into substance abuse rehabilitation center Harmony Hills,.

4. The loss of one attorney and another checking into rehab occurred during a critical period for the preparation of Plaintiff's opposition to the pending motion and materially impaired Plaintiff's ability to adequately present argument or respond to the dispositive relief sought..

6. No adequate opportunity was available for Plaintiff to obtain substitute counsel or realign its legal team prior to entry of the Court's Order.

7. Plaintiff respectfully asserts that had it been afforded a reasonable opportunity to respond following counsel's death, it would have presented meritorious arguments and evidence in opposition to Defendants' motion., including amending the complaint to raise other legal and factual issues.

8. Further, Plaintiff asserts that the court cannot grant alternative relief.  If the case is dismissed, then a Motion for Summary Judgment cannot be granted.  If a Motion for Summary Judgment is granted, then a judgment must be entered. B.R. 7058, FRCP 58. So, is the case dismissed or is there a Summary Judgment?

9. If the court granted the 12(b)(6) Motion,  the court should give the Plaintiff an opportunity to amend.  "The court should freely give leave when justice so requires." B.R. 7015, FRCP 15(a)(2). *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (reversing denial of leave to amend by citing to Rule 15(a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded"). "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts

often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal. *Great Plains Trust v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002)

10. If the court grants the 12(b)(6) motion it should not be with prejudice.

11. If the court converts the matter to a Motion for Summary Judgment, the Plaintiff must be given notice to prevent surprise. *In re Rockefeller Ctr. Props, Inc Sec. Litig*, 184 F.3d 280, 288 (3rd Cir. 1999) "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." B.R. 7012, FRCP12(d)

12. The Plaintiff has just discovered irregularities in the foreclosure sale process which upon information and belief involves Kyle S. Hirsch, Defendant's counsel. The sale was noticed for:

> "At the most north-easterly door of the Wilson County Courthouse, being the courthouse door facing the office of the Wilson County Tax Assessor-Collector, in Floresville, Wilson County, Texas, 2 Library Lane"

A video of the sale shows that it occurred elsewhere.

13. The trustee who conducted the sale announced the sale and accepted and sold the property to Drew Dennett for $550,000. The Trustee then took a phone call, possibly from Kyle S. Hirsch, and then came back and said the opening bid was $2,200,000 despite the property having already been sold to Mr, Dennett. Mr. Kirsch also sent an email that stated the opening bid and sales price was $100,000 and the Bill of Sale for the property specifically states that it was sold for only $100,000 which is contrary to the video evidence.

14. A foreclosure sale may be set aside when there are irregularities and those irregularities result in an inadequate selling price. [1] Clearly the sale was irregular and sale price was woefully inadequate.

### III. LEGAL STANDARD

15. A motion to reconsider is proper under Rule 59(e) where there has been manifest error of law or fact, newly discovered evidence, or intervening changes in the controlling law. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Courts also recognize that extraordinary

---

[1] *See* [1]*Estate of Broughton v. Fin. Freedom Senior Funding Corp.*, No. 13-14-00091-CV, 2016 Tex. App. LEXIS 5277, at *5-6 (Tex. App.—Corpus Christi May 19, 2016, no pet.) (The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) an inadequate selling price; and (3) a causal connection between the defect and the inadequate selling price.)

circumstances, including the inability of a party to fully respond due to unexpected events beyond its control, may warrant reconsideration in the interest of justice.

## IV. ARGUMENT

16. This Court should reconsider its Order and permit Plaintiff an opportunity to fully and fairly respond to the dispositive motion and amend its complaint, as justice requires under the circumstances. The death of Plaintiff's counsel, a profound and unforeseen event, deprived Plaintiff of the ability to advocate its position or file an adequate opposition, or to amend its complaint. Fundamental fairness supports a brief reopening of proceedings to avoid judgment by default under such tragic and prejudicial conditions. The Defendants will suffer no undue prejudice from such relief, whereas Plaintiff has been irreparably harmed by the entry of a dismissal and judgment under conditions where its voice was silenced by unforeseen tragedy.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

1. GRANT this Motion to Reconsider;

2. VACATE the Order Granting Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [ECF No. 15];

3. Permit Plaintiff leave to file a substantive opposition within a reasonable time period or to Amend the Complaint within 14 days; and

4. Grant such other and further relief to which Plaintiff may be justly entitled both at law and in equity.

Respectfully submitted,

/s/ Steven G. Cennamo
Steven G. Cennamo
State Bar of Texas Number: 04045600
David C. Werner
Law Office of Cennamo & Werner
8546 Broadway, Suite 100
San Antonio, TX 78217
Telephone: (210) 905-0529
Email: scennamo@cennamowernerlaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing along with the proposed order has been served by ECF, US Mail Postage Prepaid, Hand Delivery or Email on this the 21th day of July, 2025, to:

***VIA ECF***
Kyle S. Hirsch (Tex. Bar No. 24117262)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100

***VIA EMAIL*** brigid.ndege@bclplaw.com
Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104

                                              /s/ Steven G. Cennamo
                                              Steven G. Cennamo