**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | ' | CASE NO. 24-51195-MMP |
| | ' | |
| RIC (LAVERNIA) LLC, | ' | |
| DEBTOR | ' | CHAPTER 11 |

| | | |
|---|---|---|
| OTISCO RDX, LLC, | ' | |
| | ' | |
| PLAINTIFF | ' | |
| V. | ' | ADVERSARY NO. 25-05040-MMP |
| | ' | |
| RIC (LAVERNIA) LLC, AND | ' | |
| TIG ROMSPEN US MASTER | ' | |
| MOARTGAGE LP, | ' | |
| | ' | |

**RESPONSE TO DEFENDANT RIC (LAVERNIA) LLC'S MOTION FOR SANCTIONS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Plaintiff Otisco RDX, LLC ("Otisco" and/or "Defendant") and files this Response to Defendant RIC (Lavernia) LLC's Motion for Sanctions and respectfully shows the Court the following:

**I.     SPECIFIC ADMISSIONS AND DENIALS**

1. Paragraph 1 Denied and further plead the Defendant acquired the property through a wrongful foreclosure or the title is a nullity.

2. Admit Otisco is the rightful owner of the property but deny the rest of the Paragraph 2.

3. Admit to the attempt to foreclose the lien, deny the characterization of ownership and control of Otisco in paragraph 3.

4. Admit paragraph 4.

5. Admit paragraph 5.

1

6. Admit the adversary was initiated, deny the Defendant has correctly interpreted the complaint. Deny the foreclosure of the properties both located at 1001 West Loop, Houston Texas and the property in Lavernia were proper, admit the pleadings should be amended to add the additional claims, and deny the remainder of paragraph 6.

7. Admit paragraphs 7 and 8.

8. Admit motion to continue was filed and deny remainder of paragraph 9.

9. Admit paragraph 10.

10. Deny the characterization of Choudhri's court address but admit remainder of paragraph 11.

11. Deny paragraph 12.

12. Admit the filings in the SD of Texas records say what they say but deny the characterization in paragraph 13, and further plead most of the Judge Norman rulings are on appeal.

13. Admit Judge Norman made the statements but further plead that the Judge Norman rulings are on appeal in paragraph 14.

14. Admit Rayome and Kirklin's lawyering was not of the highest caliber but plead the lawyers were functioning in a capacity in which they did not have much experience and further plead Rayome was suffering from a serious condition.

15. Admit the complaint was poorly drafted and failed to state all the causes of action. Deny it was without any basis of law or fact. Deny to the extent it implies there are not viable claims as clearly explained in the Amended Motion to Reconsider filed on July 21, 2025, [Doc. # 44] with evidence presented in the Motion for Continuance filed on July 20, 2025 [Doc. #42]. Admit a response to the MTD should have been filed pursuant to the rules but plead there was excusable neglect through Plaintiff's loss of counsel both Mercer and Rayome.

## II. DISCUSSION

16. Plaintiff incorporates by reference the Motion for Continuance ("MFC") and its attachments filed on July 20, 2025, for all purposes [Doc. #42] and the Amended Motion to Reconsider filed on July 21, 2025, [Doc. # 44].

17. Plaintiff agrees the lawyering was not exceptional. But the reason the lawyering was not exceptional is the chain reaction of circumstances outlined in the MFC. Plaintiff has proven in the MFC that Kell Mercer was the architect behind the adversary filing and Plaintiff's activities in the bankruptcy in general. Mr. Mercer drafted the adversary and the claim objection filed by Plaintiff. He was not a bit player. Justin Rayome clearly did not have the skill or competence necessary to work in a complex bankruptcy case. Moreover, one or two days before the response to the motion to dismiss was filed, Rayome was admitted into rehab for substance abuse. Clearly, to the extent Rayome was competent, that competency was clouded due to his substance abuse. Five days after Rayome checked into rehab, the Court held the hearing on the Motion to Dismiss. In desperation, the Plaintiff found another lawyer to try and file a motion for continuance but its very clear from the transcript and pleadings that the new counsel did not understand federal procedure and did not bring any evidence to substantiate the simple truths of the month of May for the Plaintiff:

   a. Mercer passed away and the circumstances of his death indicate he likely was not functioning anywhere near to full capacity.

   b. Rayome had a drug addiction and obviously was not functioning anywhere near full capacity.

18. That left the Plaintiff in an untenable situation where it effectively was left a defenseless "punching bag." And not just in the case at hand. Mercer was carrying the representation in no fewer than 8 cases involving Mr. Choudhri. Complicating the situation is that to date, the Mercer custodian still has not turned over any of the files. Lack of files and

the many conflicts have made it extremely hard to find counsel for these cases. Steven Cennamo came on board July 7, 2025, and Ronald Smeberg last Friday afternoon July 18, 2025. They have been diligently working to turn around this case from the state created from the Mercer passing and the Rayome issues.

19. Hence, the issues raised in the Motion are the result of very unfortunate circumstances and should not be deemed to rise to a level of sanctions against the Debtor. Rayome was suffering from a serious addiction and has taken the necessary steps to receive treatment. To the extent the Court deems any Rayome's acts are sanctionable, the Plaintiff requests the Court consider his condition and his taking the appropriate steps to deal with it and mitigation.

### III. CONCLUSION

20. The procedural processes followed in the case before the Court were not nearly at the level expected from counsel in the Western District. The issues directly arise from Kell Mercer's passing. As shown in the email evidence attached to the Motion for Continuance, Mr. Mercer was the attorney leading this matter for the Plaintiff, leaving Rayome, an inexperienced attorney, who was suffering from an addiction, running the case and then entered into rehab on the eve of the deadline for filing a response to the motion to dismiss. While the case litigation is far less than expected, the because of the circumstances behind the problems, Plaintiff does not believe sanctions are warranted against the Plaintiff and mitigated sanctions, if any, against Rayome.

WHEREFORE, Defendant requests that the Court deny the Motion and grant Plaintiff any further relief as may be just and proper.

July 22, 2025

| | |
|---|---|
| Respectfully submitted, | /s/ Ronald J. Smeberg |
| /s/ Steven G. Cennamo | Ronald J. Smeberg |
| Steven G. Cennamo | State Bar No. 24033967 |
| State Bar of Texas Number: 04045600 | The Smeberg Law Firm, PLLC |
| David C. Werner | 4 Imperial Oaks |
| Law Office of Cennamo & Werner | San Antonio, Texas 78248 |
| 8546 Broadway, Suite 100 | Tel (210) 695-6684 |
| San Antonio, TX 78217 | Fax (210) 598-7357 |
| Telephone: (210) 905-0529 | E-mail: Ron@smeberg.com |
| Email: scennamo@cennamowernerlaw.com | ATTORNEYS FOR PLAINTIFF |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing along with the proposed order has been served by ECF, US Mail Postage Prepaid, Hand Delivery or Email on this the 22th day of July, 2025, to:

*VIA ECF*
Kyle S. Hirsch
**BRYAN CAVE LEIGHTON PAISNER LLP**
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100

*VIA EMAIL* brigid.ndege@bclplaw.com
Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104

/s/ Ronald Smeberg
Ronald Smeberg

5