IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | Case No. 24-51195-mmp |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| OTISCO RDX, LLC, | § | |
| | § | |
| Plaintiff | § | Adversary No. 25-05040-mmp |
| | § | |
| v. | § | |
| | § | |
| RIC (LAVERNIA) LLC, AND TIG ROMSPEN US MASTER MORTGAGE LP, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS AND AWARD OF ATTORNEYS' FEES

Defendants RIC (Lavernia) LLC (the "Debtor") and TIG Romspen US Master Mortgage LP ("TIG Romspen," and together with the Debtor, the "Defendants") reply to each of the arguments advanced in *Plaintiff's Response to Defendants' Motion for Sanctions and Award of Attorneys' Fees* (the "Response") [ECF No. 28], as follows:

The Response attempts to justify the Complaint by concocting a completely new basis for OTISCO's belief that the foreclosure sale through which the Debtor obtained its real property—that OTISCO previously held—was "wrongful, invalid, and void." *See* Resp. at 2. This is a new argument not raised in response to the

underlying motion, at the hearing on the underlying motion, or in the motion to reconsider the court's order dismissing with prejudice/granting summary judgment.

Rather, the **sole** factual basis asserted by OTISCO in its Complaint and at the hearing on Defendants' motion to dismiss or for summary judgment, and not raised in OTISCO's desperate motion to reconsider, was that TIG Romspen did not properly appoint a substitute trustee to foreclose TIG Romspen's Deed of Trust. By dismissing the Complaint with prejudice, or alternatively granting Defendants summary judgment against the Complaint, this Court has already concluded that the Complaint's **sole** alleged factual basis was demonstrably false, as shown by the publicly recorded *Appointment of Substitute Trustees*. Either OTISCO and its attorneys investigated the public records of Wilson County, Texas, and knew the appointment existed, or they filed the Complaint blindly alleging that TIG Romspen did not properly appoint a substitute trustee. Either scenario is sanctionable.

OTISCO now falsely claims that hearsay video evidence—allegedly supporting its claim of a wrongful foreclosure—was only recently located. The "video evidence" has been in the possession and control of OTISCO's principal, Ali Choudhri, since at least April 2024—when Mr. Choudhri attempted to introduce it as evidence before Judge Robinson in a stay relief hearing pursued by TIG Romspen. *See* **Exhibit A**, Transcript at 45:17–48:9, *In re 1001 WL, LLC*, No. 24-10119 (Bankr. W.D. Tex. Apr. 4, 2024).

OTISCO cannot articulate any explanation how "video evidence" supports their **sole** argument that no substitute trustee was properly appointed. More

fundamentally, however, to the extent OTISCO filed its Complaint *without* having reviewed the very evidence that it now asserts justifies its Complaint, OTISCO thus admits that it has engaged in sanctionable abuse of the judicial process. OTISCO's attempted post-hoc rationalization for filing the Complaint, based on completely different alleged facts, does not immunize OTISCO from sanctions for bringing the frivolous, factually unsupported Complaint.

OTISCO's attempt to distract the Court on the amount of time that this suit remained pending is equally unavailing. *See* Resp. at 4–5. Defendants' success in obtaining dismissal of/summary judgment on the Complaint in an expeditious manner does not preclude Defendants from recovering reasonable attorneys' fees and expenses incurred to obtain such a result.

OTISCO vacuously complains that the requested sanctions are not reasonable and necessary to advance justice or deter future abusive tactics. *See* Resp. at 6 ("Sanctions are not needed to ensure a more cautious approach in the future."). This is clearly inaccurate, given that OTISCO is seeking reconsideration without raising a single new factual basis. *See* ECF No. 19.

## CONCLUSION

For the reasons discussed in the motion for sanctions and herein, the Court should enter sanctions against OTISCO and its attorneys Justin Rayome and Paul Kirklin, jointly and severally, in the amount of $25,360.60, which constitutes Defendants' reasonable legal fees and expenses incurred in connection with defeating the meritless and frivolous Complaint.

Dated: July 22, 2025          Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

　/s/ *Kyle S. Hirsch*　　　　　
Kyle S. Hirsch (Tex. Bar No. 24117262)
Justin D. Hanna (Tex. Bar No. 24095726)
R. Luke Graham (Tex. Bar No. 24127305)
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
Email: kyle.hirsch@bclplaw.com
　　　　justin.hanna@bclplaw.com
　　　　luke.graham@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

*Counsel for the Defendants*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on July 22, 2025, I caused a true and correct copy of the foregoing to be served on all parties entitled to service in this adversary proceeding via the Court's electronic transmission facilities, including:

Steven G. Cennamo on behalf of Plaintiff Otisco RDX, LLC
scennamo@cennamowernerlaw.com, dwerner@cennamowernerlaw.com;lawofficeofcennamowerner@jubileebk.net

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Justin Rayome on behalf of Plaintiff Otisco RDX, LLC
justin.rayome.law@gmail.com

Ronald J Smeberg on behalf of Plaintiff Otisco RDX, LLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

                                         */s/ Kyle S. Hirsch*