## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | Case No. 24-51195-mmp |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| OTISCO RDX, LLC, | § | |
| | § | |
| Plaintiff | § | Adversary No. 25-05040-mmp |
| | § | |
| v. | § | |
| | § | |
| RIC (LAVERNIA) LLC, AND TIG ROMSPEN US MASTER MORTGAGE LP, | § § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO RAYOME'S AND KIRKLIN'S RESPONSE TO MOTION FOR SANCTIONS AND AWARD OF ATTORNEYS' FEES**

Defendants RIC (Lavernia) LLC (the "Debtor") and TIG Romspen US Master Mortgage LP ("TIG Romspen," and together with the Debtor, the "Defendants") reply to each of the arguments advanced in *Rayome's and Kirklin's Response to Defendants' Motion for Sanctions and Award of Attorneys' Fees* (the "Third Amended Response") [ECF No. 28], as follows:

   I. *Rayome and Kirklin's failure to conduct a reasonable pre-suit investigation is unjustifiable and sanctionable.*

Rayome and Kirklin admit to blind reliance on their client's representations of

Page **1** of **7**

facts without engaging in the slightest effort to verify those representations before commencing suit. *See* Third Am. Resp. at 2. This admission constitutes these attorneys' dereliction of their basic duty to conduct a "reasonable factual investigation" prior to filing suit. *See, e.g.*, *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *see also, e.g.*, *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019) ("An attorney acts with 'reckless disregard' of his duty to the court when he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining his factual contentions.").

Rayome and Kirklin could and should have investigated the public records of Wilson County, Texas, before blindly alleging that TIG Romspen did not properly appoint a substitute trustee. Additionally, if Rayome and Kirklin suspected the alleged video evidence would have supported the Complaint, they could have, and should have, sought to obtain that video evidence from their client before moving forward with the Complaint. By recklessly refusing to conduct even the slightest investigation into the facts, Rayome and Kirklin caused Defendants to needlessly incur attorneys' fees. They should face sanctions for doing so.

## II. Rayome and Kirklin cannot hide behind Federal Rule of Bankruptcy Procedure 9011.

Rayome and Kirklin argue that the mere existence of Federal Rule of Bankruptcy Procedure 9011 ("Rule 9011") restricts this Court's ability to impose sanctions under alternative, independent bases for sanctions: 28 U.S.C. § 1927 and the Court's inherent power to sanction. *See* Third Am. Resp. at 6–8. As support, Rayome and Kirklin cherry-pick portions of the Supreme Court's opinion in *Chambers*

*v. Nasco, Inc.*, 501 U.S. 32 (1991). Nowhere in *Chambers* did the Supreme Court purport to limit courts' ability to impose sanctions under 28 U.S.C. § 1927 and/or its inherent power to sanction. At most, *Chambers* provides that when the Rules "***could***" adequately sanction bad-faith conduct, such Rules should be applied. *See Chambers*, 501 U.S. at 50. On the other hand, "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power" to "impose attorney's fees as a sanction for bad-faith conduct." *See id.*; *see also Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001) ("When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions").

Here, Rule 9011 is not a sufficient avenue to sanction Rayome and Kirklin's reckless disregard of their duty to conduct a reasonable investigation of the facts of the Complaint before commencing suit: Defendants succeeded in obtaining dismissal of/summary judgment on the Complaint before sanctions could be pursued. Thus, whether to impose sanctions under 28 U.S.C. § 1927 and/or the Court's inherent power to sanction lies within this Court's discretion. *See, e.g.*, *Chambers*, 501 U.S. at 55; *Edwards v. GMC*, 153 F.3d 242, 246 (5th Cir. 1998). *Chambers* does not limit that discretion here.

Similarly, Rayome and Kirklin's attempt to avoid responsibility by relying on the safe harbor provision of Rule 9011(b)(2)(B) fails. *See* Third Am. Resp. at 3–4.

### III. *Rayome and Kirklin's lack of action after filing the suit does not immunize them from sanctions under 28 U.S.C. § 1927.*

Rayome and Kirklin argue they took no action after filing the Complaint, and therefore they did not unreasonably and vexatiously multiply the proceedings by commencing this frivolous lawsuit.

Contrary to Rayome and Kirklin's suggestion, 28 U.S.C. § 1927 does not focus its analysis on the diligence with which attorneys pursue frivolous claims. In other words, 28 U.S.C. § 1927 does not require a minimum number of frivolous filings to constitute cause for sanctions. Instead, when "[a]ny attorney . . . multiplies the proceedings in any case unreasonably and vexatiously," the court may require said attorney(s) to "satisfy personally the excess costs, expenses, and attorneys' fees ***reasonably incurred because of*** such conduct. *See* 28 U.S.C. § 1927 (emphasis added).

Rayome and Kirklin unreasonably and vexatiously brought suit against Defendants, on behalf of OTISCO, without first engaging in the slightest investigation to verify the veracity of the facts alleged in the Complaint. Forced to respond to the frivolous Complaint as a result of Rayome and Kirklin's conduct, Defendants incurred the attorneys' fees for which they now seek reimbursement. Although Rayome and Kirklin attempt to focus the Court on the amount of time that this suit remained pending, Defendants' success in obtaining dismissal of/summary judgment on the Complaint in an expeditious manner does not preclude Defendants from recovering their attorneys' fees and expenses reasonably incurred to obtain such a result.

Notably, in the face of potential sanctions for his reckless actions, Rayome—purporting to act for OTISCO—withdrew the Complaint merely two weeks after asking the Court to reconsider its order of dismissal/summary judgment and revive the Complaint. *See* ECF No. 19. Defendants were forced to incur even more legal fees opposing OTISCO's request to revive its meritless Complaint.[1]

### IV. *The requested sanctions are reasonable and necessary to advance justice or deter future abusive tactics.*

Rayome and Kirklin incorrectly argue that a sanctions award is not reasonable and necessary to advance justice or deter future abusive tactics. However, as demonstrated by the evidence submitted with the motion for sanctions, multiple courts had already warned Rayome and Kirklin about their "sloppy and lazy lawyering." This adversary proceeding is the latest example of such sloppy and lazy lawyering wasting the Court's time and causing others to unnecessarily incur attorneys' fees and costs. Clearly the prior warnings were insufficient.

### CONCLUSION

For the reasons discussed in the motion for sanctions and herein, the Court should enter sanctions against OTISCO and its attorneys Justin Rayome and Paul Kirklin, jointly and severally, in the amount of $25,360.60, which constitutes Defendants' legal fees and expenses incurred in connection with defeating the meritless and frivolous Complaint.

---

[1] *See* Third Am. Resp. at 2 ("[I]t appears that the information that Rayome and Kirklin had relied upon was incorrect."); and 7–8 ("[N]ow that he [Rayome] has had a chance to review the Defendants' Motion for Sanctions, he is withdrawing the Complaint in accordance with the Rule 11 safe harbor period.")

Dated: July 22, 2025          Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

 /s/ *Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
Justin D. Hanna (Tex. Bar No. 24095726)
R. Luke Graham (Tex. Bar No. 24127305)
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
Email: kyle.hirsch@bclplaw.com
      justin.hanna@bclplaw.com
      luke.graham@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

***Counsel for the Defendants***

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 22, 2025, I caused a true and correct copy of the foregoing to be served on all parties entitled to service in this adversary proceeding via the Court's electronic transmission facilities, including:

Steven G. Cennamo on behalf of Plaintiff Otisco RDX, LLC
scennamo@cennamowernerlaw.com,
dwerner@cennamowernerlaw.com;lawofficeofcennamowerner@jubileebk.net

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Justin Rayome on behalf of Plaintiff Otisco RDX, LLC
justin.rayome.law@gmail.com

Ronald J Smeberg on behalf of Plaintiff Otisco RDX, LLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

                                                                      */s/ Kyle S. Hirsch*