# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | Case No. 24-51195-mmp |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| OTISCO RDX, LLC, | § | |
| | § | |
| Plaintiff | § | Adversary No. 25-05040-mmp |
| | § | |
| v. | § | |
| | § | |
| RIC (LAVERNIA) LLC, AND TIG ROMSPEN US MASTER MORTGAGE LP, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

For the following reasons, RIC (Lavernia) LLC ("Debtor") and TIG Romspen US Master Mortgage LP ("TIG Romspen, and together with Debtor, the "Defendants") object to *Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Plaintiff's Request for Leave to Amend* (the "Amended Motion to Reconsider") [ECF No. 44] filed by Plaintiff OTISCO RDX, LLC ("OTISCO"):

1

## INTRODUCTION

OTISCO's Amended Motion to Reconsider fails to meet the high standard for relief under Federal Rule of Civil Procedure 59(e). *See, e.g.*, *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."); *S. Constructors Grp. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (holding that the standards applicable to Federal Rule of Civil Procedure 59(e) "favor the denial of motions to alter or amend a judgment."). OTISCO's new assertions—regarding attorney incapacity, procedural objections, and alleged foreclosure irregularities—are either unsupported, untimely, or irrelevant to the Court's prior ruling. Moreover, these new assertions do not alter the fact that OTISCO had an opportunity to respond to *Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (the "MTD") and failed to do so. At bottom, these new assertions do not constitute good cause to exercise the extraordinary remedy of reconsideration.

## BACKGROUND

1. OTISCO is not a creditor of Debtor's bankruptcy estate: it neither appears on the Debtor's schedule of creditors [*see* Case No. 24-51195 (the "Main BK Case"), ECF No. 20 (Schedules D and E/F)] nor on the Court's claims register of creditors who have filed proofs of claims against the Debtor's estate [*see* Main BK Case, Claims Register].[1] Moreover, OTISCO is not treated in any way in the Debtor's

---

[1] The deadline for non-governmental entities to file a proof of claim in this case passed on October 29, 2024. *See* Main BK Case, ECF No. 5.

2

proposed chapter 11 plan. *See* Main BK Case, ECF No. 67. The reason is simple – OTISCO had no prepetition business relationship with the Debtor.

2. OTISCO's only possible relationship to the Debtor's bankruptcy case is its extinguished ownership interest in real property now owned by the Debtor.

3. On May 1, 2025, OTISCO initiated this adversary proceeding by filing *Plaintiff's Original Complaint for Declaratory Relief* (the "Complaint") [ECF No. 1], which challenged the February 6, 2024, foreclosure sale that divested OTISCO of its ownership interest in the Debtor's real property. The Complaint's **sole factual allegation** for challenging the foreclosure was that TIG Romspen "improperly foreclosed on the Property without a duly appointed substitute trustee." *See* Compl. ¶ 9; *see also, e.g.*, ¶¶ 15 ("This foreclosure occurred without the appointment of a substitute trustee, which rendered it an invalid foreclosure."), 19 ("TIG Romspen did not comply with any of these requirements regarding the appointment of a substitute trustee . . . . Therefore, conducting a foreclosure sale without the proper appointment of a substitute trustee and/or adhering to the requisite notice requirements, invalidates the sale's validity under Texas law."), 24 ("The Debtor's purported ownership of the property is the result of a **wrongful foreclosure** conducted by TIG Romspen without the proper appointment of a substitute trustee. Due to this fatal procedural defect, title never lawfully transferred."). The Complaint alleged no other factual or legal basis for seeking a declaration invalidating Debtor's ownership of the Property or to apply a constructive trust in favor of OTISCO.

3

4. Defendants filed and served their MTD on May 8, 2025. *See* ECF No. 4. Pursuant to Local Rule 7007-1(b)(2), OTISCO's deadline to file a written response to the MTD was May 22, 2025. OTISCO did not file a written response to the MTD by the May 22 deadline, nor did OTISCO seek leave to extend the deadline to file a response. Indeed, OTISCO has not filed a written response to the MTD to this day.

5. The Court heard argument and accepted evidence on the MTD on June 2, 2025. OTISCO was represented by counsel—Mr. Kiernan McAlpine—at that hearing and was afforded an opportunity to argue and present evidence in opposition to the MTD. As reflected by the hearing transcript attached as **Exhibit A**, OTISCO (through its attorney, Mr. McAlpine) took that opportunity. *See* **Exhibit A**, June 2, 2025, Tr. at 32:12–36:1; 36:23–25. After hearing argument from both sides and considering the evidence presented, the Court granted the MTD and dismissed the Complaint with prejudice or, in the event the Court's consideration of evidence converted the matter to a motion for summary judgment, granted summary judgment in Defendants' favor. The next day, the Court entered an order incorporating its oral ruling. *See* ECF No. 15.

6. On June 17, 2025, OTISCO filed *Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (the "Original Motion to Reconsider") [ECF No. 19], which sought reconsideration of the order dismissing the Complaint with prejudice. *See* ECF No. 19. In support of the Original Motion to Reconsider, OTISCO offered no new evidence or justification other than the tragic death of Mr. Kell Mercer, an attorney who had

4

never appeared as counsel for OTISCO but who OTISCO claimed was its "litigation counsel." *See* Original Mot. to Reconsider at 1.

7. On June 25, 2025, Defendants filed *Defendants' Objection to Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (the "<u>Original Objection</u>") [ECF No. 24]. Defendants incorporate herein all arguments and evidence advanced in the Original Objection.

8. The Court set the Original Motion to Reconsider for hearing to take place on July 23, 2025. *See* ECF No. 21. Two days before the scheduled hearing, OTISCO filed its Amended Motion to Reconsider. *See* ECF No. 44. The day before the scheduled hearing, OTISCO moved for leave to file its already-filed Amended Motion to Reconsider. *See* ECF No. 47. The Court granted OTISCO retroactive leave to file the Amended Motion to Reconsider and set the Amended Motion to Reconsider for hearing on August 6, 2025. *See* ECF Nos. 56, 59.

## **ARGUMENT**

The Amended Motion to Reconsider sets forth many of the same bases as the Original Motion to Reconsider, with all changes from the Original Motion to Reconsider signified by red text. Rather than recount here the arguments made in the Original Objection, Defendants incorporate by reference herein all arguments and evidence presented in the Original Objection [ECF No. 24]. Through this filing, Defendants respond to the additional purported bases and allegations advanced in the Amended Motion to Reconsider.

5

### *I.  Mr. Rayome's alleged incapacity does not justify reconsideration.*

OTISCO now alleges that—in addition to the death of Mr. Mercer raised as a basis for the Original Motion to Reconsider—one of its attorneys of record, Mr. Justin Rayome, was unavailable to file a written response to the MTD or seek a continuance of the deadline to file such written response because "Rayome in the weeks leading up to June had been receiving mental health treatment for substance abuse." *See* Am. Mot. to Reconsider ¶ 3. This, according to the Amended Motion to Reconsider, "materially impaired Plaintiff's ability to adequately present argument or respond to the dispositive relief sought." *See id.* ¶ 4.

The veracity of this allegation is questionable, as Mr. Rayome was apparently capable of filing a number of pleadings in other cases during the period in question. *See In re Jetall Companies*, No. 24-235761 (Bankr. S.D. Tex.) at ECF Nos. 205–08 (all filed on May 9, 2025); ECF No. 239 (filed on May 22, 2025); ECF Nos. 246–50 (all filed on May 27, 2025); *see also In re Galleria 2425 Owner, LLC*, No. 23-34815 (Bankr. S.D. Tex.) at ECF No. 1037 (filed on May 28, 2025). Indeed, the Court has already found Mr. Rayome's excuse lacking credibility. *See* **Exhibit A**, June 2, 2025, Tr. at 17:14–15. In addition, OTISCO admits in its Amended Motion to Reconsider that Mr. Rayome was not admitted into a treatment facility until May 27, 2025—five days after the deadline for filing a response to the MTD. *See* Am. Mot. to Reconsider ¶ 3. And as Mr. Rayome testified, he had access to a computer and to others who were assisting him with filings. *See* **Exhibit B**, July 23, 2025, Tr. at 61:8–24.

6

But even accepting this allegation as true, OTISCO was represented by other attorneys of record, including Mr. McAlpine and Mr. Paul Kirklin, neither of whom filed a written response or sought an extension on behalf of OTISCO.

"The 'negligence or erroneous strategy choices of a party's attorney' cannot justify reconsideration of a grant of summary judgment under Rule 59(e)." *Benedetti v. Doe*, No. SA-16-CA-604-DAE, 2018 U.S. Dist. LEXIS 221516, at *6 (W.D. Tex. Aug. 17, 2018); *see also, e.g.*, *Gonzalez v. State Fair of Tex., Inc.*, No. 00-10424, 2000 U.S. App. LEXIS 39564, at *5 (5th Cir. Oct. 13, 2000). "Were this Court to make an exception to the finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency . . . meaningful finality of judgment would largely disappear." *Pryor v. U.S. Postal Serv.*, 769 F.2d 288–89 (5th Cir. 1985). "[T]he proper recourse for the aggrieved client, as the Supreme Court noted in *Link*, is to seek malpractice damages from the attorney." *Id.* at 289 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962)). The finality of this Court's ruling should be respected, and reconsideration denied.

### II. OTISCO neither requested nor justified leave to amend the Complaint.

OTISCO complains that it was not afforded leave to amend the Complaint. *See* Am. Mot. to Reconsider ¶ 9. Yet, OTISCO never requested such leave before dismissal of the Complaint. Courts are not required to *sua sponte* grant leave to amend when the plaintiff fails to request it or identify how amendment would cure the deficiencies.

7

Moreover, to the extent that the Amended Motion for Reconsideration may be construed as also seeking leave to amend the Complaint, OTISCO has not submitted a proposed amended complaint, as required by Local Rule 7015-1(a). Instead, OTISCO merely asserts—without further explanation—that it would have sought to amend the complaint "to raise other legal and factual issues." *See* Am. Mot. to Reconsider ¶ 7. That vague reference to "other legal and factual issues" is not sufficient to vacate the Court's dismissal/summary judgment order and reopen this case.

### III. OTISCO's allegations of foreclosure sale irregularities are not "newly discovered evidence" and are untimely.

In its Amended Motion to Reconsider, OTISCO raises allegations of irregularities *in the foreclosure sale*, separate and apart from the false allegation of a failure to appoint a successor trustee which formed the entire basis of the Complaint. These stale allegations were not part of the original Complaint and are not properly before the Court.

Since at least April 2024, more than a year before OTISCO filed its Complaint, OTISCO—through its principal, Ali Choudhri—had knowledge of these allegations. In connection with TIG Romspen's successful motion for stay relief on the primary collateral (an office building in Houston) that is property of the bankruptcy estate of Choudhri-owned and (then) controlled 1001 WL, LLC, Mr. Choudhri orchestrated argument before Judge Robinson in Austin that the foreclosure sale of the OTISCO Property should be declared invalid based on alleged irregularities in the sale – or at the very least, the credit taken by the lender should be increased. *See* **Exhibit C**, Tr.

8

at 45:17–48:9, *In re 1001 WL, LLC*, No. 24-10119 (Bankr. W.D. Tex. Apr. 4, 2024). Judge Robinson sustained TIG Romspen's hearsay objection to the admissibility of purported video evidence *that has remained in Mr. Choudhri's possession ever since*. Yet, armed with this information, OTISCO failed to raise any allegations of foreclosure sale irregularities *other than* the false claim that the substitute trustee was not property appointed.

As OTISCO recounts in its Amended Motion to Reconsider, reconsideration is proper "where there has been a manifest error of law or fact, **newly discovered evidence**, or intervening changes in the controlling law." *See* Am. Mot. to Reconsider ¶ 15 (emphasis added) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)). OTISCO neither alleges that there was a manifest error of law or fact nor that there have been intervening changes in the controlling law. OTISCO only alleges the existence of certain facts that were not alleged in the Complaint but could somehow support the relief sought in the Complaint. The purported video evidence referenced was not "newly discovered;" it has been in the possession of OTISCO's principal, Ali Choudhri, since at least April 2024. As such, reconsideration of the dismissal order is not appropriate on this basis.

## **CONCLUSION**

For the foregoing reasons, and those stated in Defendants' Original Objection [ECF No. 24], Defendants respectfully request that the Court deny OTISCO's Amended Motion to Reconsider.

Respectfully submitted this 1st day of August 2025,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
   luke.graham@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

***Counsel for the Defendants***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 1, 2025, I caused a true and correct copy of the foregoing to be served on all parties entitled to service in this adversary proceeding via the Court's electronic transmission facilities, including:

Steven G. Cennamo on behalf of Plaintiff Otisco RDX, LLC
scennamo@cennamowernerlaw.com,
dwerner@cennamowernerlaw.com;lawofficeofcennamowerner@jubileebk.net

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Justin Rayome on behalf of Plaintiff Otisco RDX, LLC
justin.rayome.law@gmail.com

Ronald J Smeberg on behalf of Plaintiff Otisco RDX, LLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

                */s/ Kyle S. Hirsch*