IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 24-51195-MMP | |
| § | | |
| RIC (LAVERNIA) LLC, § | | |
| DEBTOR § | CHAPTER 11 | |

| | | |
|---|---|---|
| OTISCO RDX, LLC, § | | |
| § | | |
| PLAINTIFF § | | |
| V. § | ADVERSARY NO. 25-05040-MMP | |
| § | | |
| RIC (LAVERNIA) LLC, AND § | | |
| TIG ROMSPEN US MASTER § | | |
| MORTGAGE LP, § | | |
| § | | |
| DEFENDANTS § | | |

**MOTION FOR LEAVE TO ALLOW PLAINTIFF'S RESPONSE TO DEFENDANTS'
OBJECTION TO PLAINTIFF'S AMENDED MOTION TO RECONSIDER ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT AND TO ALLOW FOR NEW EVIDENCE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Otisco RDX, LLC ("Otisco" and/or "Plaintiff") submits this Motion for Leave to Allow Response to Objection Filed by Defendant TIG Romspen US Master Mortgage LP ("Romspen") and Ric (Lavernia), LLC [Doc. 72] ("RIC" or "Debtor"), (the "Motion") and Allow for New Evidence, and in support thereof respectfully shows the Court as follows:

**RELIEF REQUESTED**

1.  Plaintiff requests that the Court grant leave to include its Response to Defendant's Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to

1

Dismiss or, in the Alternative, Motion for Summary Judgment (the "Response") and to allow for new evidence recently procured from the Defendants.

## BACK GROUND AND ARGUMENT

2. Otisco incorporates by reference for all purposes the Motion to Transfer Cases Inter District (the "Transfer Motion") and supporting affidavits and evidence filed in case numbers 25-05040, 24-05043, and 24-51195 pending in Judge Parker's Court ("Judge Parker Cases"). On or about July 30, 2025, the Smeberg Law Firm, PLLC ("SLF"), agreed to enter an appearance in Cause Number 24-10119, *In re* 1001 WL, LLC, (the Judge Robinson Case) to represent two Choudhri entities at a Motion to Approve Compromise, which among other things will give very broad releases to Romspen and Ric (Lavernia).[1] On July 31, 2025, Romspen representative Welsey Roitman presented for deposition taken by Ali Choudhri in his capacity as a *pro se* interested party in case number 24-10119.

3. Many facts were learned in this deposition. Otisco believed based on the proof of claim filed in the 24-10119 case by Romspen (Claim 1 and 1-2), the removal of this adversary, and other statements made by Rompsen and Debtor either 1) Romspen foreclosed and then assigned the Lavernia property to Debtor, 2) Romspen foreclosed but then directed the substitute trustee to execute the substitute trustee deed for the Debtor or 3) that Debtor allegedly "bid" at the auction as stated in the notice of removal.[2] The Roitman deposition confirmed that it was none of these scenarios.

4. Romspen's position is that the Debtor itself credit bid and won the auction as the foreclosing entity.[3] The problem with Debtor being the foreclosure entity is that pursuant to the

---

[1] *See* Doc. 699, Case 24-10119.
[2] Otisco knew the Debtor did not actually bid in person at the auction because its representative was at the auction.
[3] *See* Dep. Wesley Roitman, p. 30, attached as Exhibit B to the Response

Texas Property Code, only a mortgagee can foreclose and Debtor wasn't even in existence on the date of the foreclosure.[4] It is irrefutable that Debtor was not in existence on the date of the foreclosure.

5. Even though Romspen and Debtor have known for months now that the foreclosure deed reflected a price completely inconsistent with the actual sale and that Debtor didn't even exist on the date of the foreclosure, making the sale not only voidable but void, they have not done anything to clarify these issues. Now that Otisco has uncovered these issues raised in the Motion to Transfer and Exhibit's A and B, attached, Otisco seeks leave to have them evaluated by the Court in the amended motion for rehearing.

## NO PREJUDICE

6. There is no prejudice to Defendants as the primary new evidence are Debtor/Romspen corporate documents and testimony from Romspen agent and its attorney Kyle Hirsch.

## PRAYER

WHEREFORE, Plaintiff requests that the Court grant it leave of Court 1) allowing the response to the Defendant's Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and 2) grant them leave of Court to submit the new evidence referenced herein to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and grant all other relief justly entitled.

Dated: August 5, 2025

---

[4] Tex. Prop Code 52.001 and 51.0025; exhibit A to the Response, Debtor's Formation Documents

Respectfully submitted,

By: /s/ *Ronald J. Smeberg*
RONALD J. SMEBERG
State Bar No. 24033967
SMEBERG LAW FIRM, PLLC
4 Imperial Oaks
San Antonio, Texas 78248
210-695-6684 (Tel)
210-598-7357 (Fax)
ron@smeberg.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed on August 5, 2025, using the Court's CM/ECF System which caused it to be served upon those parties registered in the system; it was also emailed to certain parties in interest, as indicated below.

*/s/ Ronald J. Smeberg*
RONALD J. SMEBERG

**VIA ECF**
Kyle S. Hirsch
BRYAN CAVE LEIGHTON PAISNER LLP
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100

**VIA EMAIL** brigid.ndege@bclplaw.com
Brigid K. Ndege (Pro Hac Vice)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104