**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 15, 2025.**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| RIC (LAVERNIA) LLC, | § § | CASE NO. 24-51195-MMP |
| DEBTOR. | § § | CHAPTER 11 |
| | § § | |
| OTISCO RDX, LLC, | § § | |
| PLAINTIFF | § § | |
| v. | § § | ADVERSARY NO. 25-05040-MMP |
| RIC (LAVERNIA) LLC, TIG ROMSPEN US MASTER MORTGAGE LP, | § § § | |
| DEFENDANTS. | § | |

1

**OPINION**

I. **INTRODUCTION**

On June 3, 2025, the Court entered an *Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 15).[1] Plaintiff now asks the Court to reconsider the *Order*. The filings at issue are:

1. Plaintiff's *Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 19);

2. Defendants' *Objection to Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 24);

3. Plaintiff's *Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Plaintiff's Request for Leave to Amend* (ECF No. 44);

4. Defendants' *Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 68);

5. Plaintiff's *Motion for Leave to Allow Plaintiff's Response to Defendants' Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment and to Allow for New Evidence* (ECF No. 73); and

6. Plaintiff's *Second Motion for Leave to Allow for a Further Response to Defendants' Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Allow for New Evidence in Support of its Motion to Reconsider* (ECF No. 73).

The Court will sustain in part Defendants' *Objection* and deny Plaintiff's three motions—except to the extent Plaintiff's *Motion to Reconsider* seeks that the Court issue grounds for its alternative grant of summary judgment.

---

[1] "ECF" denotes the electronic filing number.

2

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference of the United States District Court for the Western District of Texas, dated October 4, 2013. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Venue is proper under 28 U.S.C. § 1409. Plaintiff has consented to the entry of final orders and a judgment by this Court in this adversary proceeding. ECF Nos. 1, 3. Defendants have also consented. ECF No. 7.

## III. BACKGROUND

This adversary proceeding concerns the Debtor's interest in property in Wilson County, Texas ("**Property**").[2] The Debtor claims to have acquired title to the Property as the successful bidder at a nonjudicial foreclosure sale in February 2024 after the Debtor's affiliate, Defendant TIG Romspen US Master Mortgage LP ("**TIG Romspen**"), foreclosed on a lien it had on the Property ("**Foreclosure Sale**"). *See* ECF No. 4 ¶¶ 3–4. Plaintiff Otisco RDX, LLC ("**Otisco**") owned the Property before the Foreclosure Sale. *See id.* ¶ 1.

After the Foreclosure Sale, the Debtor sued challenging Otisco's asserted lien in the Property. *See RIC(Lavernia) v. Milestone Cap. CRE 1, LLC*, Adv. Proc. 24-05043-mmp. Then Plaintiff brought this adversary proceeding challenging the Debtor's ownership interest to the Property. *See Plaintiff's Original Complaint for Declaratory Relief* (ECF No. 1). Plaintiff claimed the Foreclosure Sale was illegitimate because it did not comply with Texas Property Code § 51.0075(c) and (e)—that the Foreclosure Sale occurred without a duly appointed substitute trustee, so the sale was legally defective, and title therefore did not properly transfer. *See id.* ¶ 17.

---

[2] The Property includes ten tracts, the first three of which are described in a deed of trust filed in volume 1211, page 431, of the Wilson County Official Public Records. The other six tracts are filed in various volumes of the Plat Records of Wilson County, Texas. *See* ECF No. 4-2 pp. 39–40.

Plaintiff's *Complaint* noted that TIG Romspen both held the Foreclosure Sale and purchased the Property at the Foreclosure Sale, later conveying the Property to the Debtor, *see id.* ¶ 15; more on this below.

Defendants filed their *Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 4) arguing that Plaintiff's sole basis for its *Complaint*—that there was no duly appointed substitute trustee for the Foreclosure Sale—lacked merit because there was a duly appointed substitute trustee. They attached to their *Motion* the document appointing substitute trustees. *See* ECF No. 4-1; *see also* ECF No. 4-2 § 16.1 (giving the requirements to appoint substitute trustees under the deed of trust underlying TIG Romspen's lien). They also attached a certified copy of the substitute trustee's deed from the Foreclosure Sale showing that the duly appointed substitute trustees conducted the Foreclosure Sale. *See* ECF No. 4-4.

Following a June 2 hearing, the Court granted Defendants' *Motion to Dismiss or, in the alternative, Motion for Summary Judgment* because it found that Plaintiff failed to state a claim for relief and, if a claim was stated, that Defendants presented persuasive evidence that firmly established the duly appointed substitute trustees conducted the Foreclosure Sale, negating the sole basis of Plaintiff's complaint. *See* ECF No. 15. The Court dismissed Plaintiff's *Complaint* with prejudice or, alternatively, granted summary judgment to Defendants.

Between Defendants' May 8 *Motion to Dismiss or, in the alternative, Motion for Summary Judgment* and the Court's June 3 *Order* granting it, two things happened that Plaintiff thinks should allow it another bite at the apple. First was the tragic death of Kell Mercer on May 13, 2025. Mr. Mercer was not at any point Plaintiff's counsel of record in this adversary proceeding, but he was counsel of record for an affiliate of Plaintiff—Milestone Capital CRE 1, LLC—in Adv. Proc. 24-

4

05043-mmp related to the RIC(Lavernia) bankruptcy case, and Plaintiff claims Mr. Mercer was ghost writing for Plaintiff's counsel in this adversary proceeding. And second was the admission of Plaintiff's then-counsel of record, Justin Rayome, to a substance-abuse rehabilitation center on May 27, 2025.

Plaintiff filed its original *Motion to Reconsider* (ECF No. 19) timely on June 17, 2025 (within fourteen days after the entry of the June 3 *Order*), then amended it on July 21, 2025, after the deadline to file a Rule 9023 motion. *See* Rule 9023. The original *Motion to Reconsider* states one ground for relief: Mr. Mercer's death. The *Amended Motion to Reconsider* seeks a reprieve from the Court based on the two events described above (Mr. Mercer's death and Mr. Rayome's rehab admission), attacks the Court's *Order* on grounds of legal and factual sufficiency, and attempts to introduce issues not argued and evidence not offered at the June 2, 2025 hearing on the *Motion to Dismiss or, in the alternative, Motion for Summary Judgment*. Specifically, the *Amended Motion to Reconsider* argues

1. The *Order* was legally improper because it granted dismissal without freely giving Plaintiff leave to amend under Federal Rule of Bankruptcy Procedure 7015.[3]

2. The *Order* was legally improper because it alternatively granted summary judgment without an accompanying final judgment under Federal Rule of Bankruptcy Procedure 7058 and without enough notice to prevent surprise under Federal Rule of Bankruptcy Procedure 7012.[4]

3. A video of the Foreclosure Sale shows it did not occur at the noticed location and that, even though the sale originally went to a Mr. Drew Dennett for $550,000, the sale was later reopened with an opening bid of $2,200,000. Emails from Defendants' counsel show the sale price was $100,000.[5]

*See* ECF No. 44.

---

[3] Plaintiff never requested leave to amend their *Complaint*.
[4] The Court has entered judgment contemporaneously with this *Opinion*.
[5] This evidence was not offered at the June 2 hearing.

5

Defendants filed objections to both the original and amended reconsideration motions; their *Objection to Plaintiff's Amended Motion to Reconsider* incorporates their original objection. They argue that Plaintiff's arguments are unsupported, untimely, and irrelevant:

1. Mr. Rayome's admission to the treatment facility was five days after the deadline to file a response to Defendants' *Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (misstating the deadline as fourteen days rather than twenty-one for dispositive motions, *see* FED. R. BANKR. P. 7007-1(b)(2)), and he kept working on cases while at the facility. Plaintiff had other attorneys, as well, who could have filed a response or asked for an extension.[6]

2. Plaintiff never asked the Court for an extension to respond, never properly asked for a continuance of the hearing, and never amended or sought leave to amend its *Complaint*.

3. None of the evidence of alleged irregularities in the Foreclosure Sale is newly discovered evidence.

*See* ECF No. 68.

Plaintiff then filed its *Motion for Leave* on August 5, 2025, and *Second Motion for Leave* on August 21, 2025, seeking the ability to respond to Defendants' *Objection* because it says it has newly discovered evidence:

1. The Debtor did not exist on the date of the foreclosure and thus could not purchase the Property, let alone foreclose on the property. *See* ECF No. 73 ¶¶ 2–5.

2. The deed of trust to transfer interest from TIG Romspen to the Debtor was purportedly effective on February 5, 2024, but not executed until March 20, 2024—after the February 6 Foreclosure Sale. *See* ECF No. 89 ¶ 3.

Plaintiff also seeks to add a claim to the lawsuit that the March 20 deed transfer is void.

---

[6] The Court notes that Mr. Rayome has consistently used his alleged admissions to medical facilities as both sword and shield—claiming that they prevent him from practicing law or attending hearings when it would suit him while, at the same time, continuing to practice law and file pleadings and motions during his admissions. *See* ECF No. 118 pp. 3–4 (detailing at least seven filings by Mr. Rayome during two of his alleged admissions). The Court has now suspended Mr. Rayome's CM/ECF privileges. *See* ECF No. 123.

IV. **LEGAL STANDARD**

Motions to reconsider arise under Federal Rule of Bankruptcy Procedure 9023. By their nature, they "call[] into question the correctness of a judgment" and are thus extraordinary, only to be granted sparingly, and disfavored. *See* **Templet v. HydroChem Inc.**, 367 F.3d 473, 479 (5th Cir. 2004) (internal citation omitted); **S. Constructors Grp. v. Dynalectric Co.**, 2 F.3d 606, 611 (5th Cir. 1993). They cannot be used to rehash evidence, legal theories, or arguments that were offered or could have been offered before judgment. *Id.* at 478–79. Rather, they should be used within a limited scope: "[T]o correct manifest errors of law or fact or to present newly discovered evidence." *See id.* at 479 (internal citation omitted).

Parties seeking reconsideration of a judgment must file a Rule 9023 motion within fourteen days after entry of the judgment. FED. R. BANKR. P. 9023. Courts have no discretion to extend this deadline. FED. R. BANKR. P. 9006(b)(2).

V. **DISCUSSION**

The Court will first address the untimeliness of Plaintiff's *Amended Motion to Reconsider*, then the merits of Plaintiff's original *Motion to Reconsider*. The Court denies both except to the extent Plaintiff's *Motion to Reconsider* seeks that the Court issue grounds for its alternative grant of summary judgment.

1. **Plaintiff's *Amended Motion to Reconsider* is untimely and does not relate back to the date of the original *Motion to Reconsider*.**

Plaintiff's July 21 *Amended Motion to Reconsider*, filed forty-eight days after the Court's June 3 *Order*, is untimely. It had a June 17 deadline under Rule 9023, and the Court has no discretion to extend that deadline. *See* FED. R. BANKR. P. 9006(b)(2).

Plaintiff argues that the filing date of the *Amended Motion to Reconsider* relates back to

7

the filing date of the original, timely *Motion to Reconsider*. The Fifth Circuit has no precedent on this issue, and there is a circuit split among those who do. *See* **Autry v. Ahern Rentals, Inc.**, Case No. EP-19-CV-00154-DCG, 2023 WL 1769208, at *3 & n.8 (W.D. Tex. Feb. 3, 2023). On one hand, the Eleventh Circuit allows relation back at the discretion of the trial court. It reasons that a posttrial motion suspends judgment and, during this period of suspense, "there is no reason for foreclosing amendment of the motion when this would be justified according to the usual standards for permitting amendments." **Pate v. Seaboard R.R., Inc.**, 819 F.2d 1074, 1085 (11th Cir. 1987). The *Pate* court held that "a district court may, in its discretion, allow an amendment to a timely [posttrial motion] prior to its decision on the merits of the motion and that the court may consider new grounds raised in the amended motion." *Id.* at 1084.

On the other hand, the Tenth Circuit emphatically comes down the other way. According to the Tenth Circuit, to allow relation back "would violate the unqualified directive in [Federal Rule of Civil Procedure] 6 that the court 'may not extend the time for taking any action under [the listed rules], except to the extent and under the conditions stated therein.'" **Sorbo v. United Parcel Serv.**, 432 F.3d 1169, 1178 (10th Cir. 2005) (quoting FED. R. CIV. P. 6(b)(2). (Federal Rule of Civil Procedure 6(b)(2) is the federal equivalent of Federal Rule of Bankruptcy Procedure 9006(b)(2).)

This Court agrees with the Tenth Circuit. The plain language of Rule 9006 gives a clear, unqualified directive: Bankruptcy courts lack the discretion to extend the Rule 9023(b) deadline. FED. R. BANKR. P. 9006(b)(2) ("The Court must not extend the time to act under Rule[] . . . 9023 . . . ."). Plaintiff's *Amended Motion to Reconsider* is untimely, and the Court must deny it. The Court will, however, consider Plaintiff's original, timely *Motion to Reconsider*.

Because the Court denies the *Amended Motion to Reconsider*, the Court denies as moot Defendants' *Objection to Plaintiff's Amended Motion to Reconsider*. And because the Court denies as moot Defendants' *Objection to Plaintiff's Amended Motion to Reconsider*, the Court denies as moot both Plaintiff's *Motion for Leave to Allow Plaintiff's Response to Defendants' Objection to Plaintiff's Amended Motion to Reconsider* and its *Second Motion for Leave*.

To the extent Plaintiff's two motions for leave assert new matters—not in response to Defendants' *Objection to Plaintiff's Amended Motion to Reconsider*, but bootstrapping in new grounds for reconsideration—the Court denies them as untimely.

2. **Plaintiff's original *Motion to Reconsider* fails because Mr. Mercer's death is immaterial to this proceeding.**

Plaintiff's original *Motion to Reconsider* asserts a single ground for reconsideration: The death of Kell Mercer. Mr. Mercer was not Plaintiff's counsel of record. As Defendants note, Plaintiff had an attorney of record and several other attorneys on hand. *See* ECF No. 24 p. 2 n.1. Despite its army of attorneys, Plaintiff failed to ask for an extension, failed to properly move for continuance, and failed to file any response at all.

The Court notes that Plaintiff did file on June 1 a motion for continuance of a June 2 hearing—but the motion was related to a motion to strike in the bankruptcy case, not in this adversary proceeding. *See* Case No. 24-51195-mmp ECF No. 102. Despite Plaintiff's procedural errors, the Court at the June 2 hearing entertained Plaintiff's oral request to continue the hearing on the *Motion to Dismiss or, in the alternative, Motion for Summary Judgment* on the sole ground of Mr. Mercer's death. The Court denied the continuance because it found Mr. Mercer's death was

9

immaterial and counsel of record had ample time to respond or seek a continuance.[7]

The Court further notes that Plaintiff's reliance on Mr. Mercer behind the scenes but designation of Mr. Rayome as counsel of record appears to have been borne out of Plaintiff's desire to hide from the Debtor and its affiliates the fact that Milestone—for whom Mr. Mercer was counsel of record in the bankruptcy case and in Adv. Proc. 24-05043-mmp—and Plaintiff are controlled by the same person: Mr. Ali Choudhri. If Plaintiff had not tried to play "hide the ball" in this litigation, Plaintiff might not have fallen into a trap it laid for itself.

The Court therefore sustains Defendants' original *Objection* and denies Plaintiff's *Motion to Reconsider*—except to the extent Plaintiff's *Motion* seeks that the Court issue grounds for its alternative grant of summary judgment.

## VI. CONCLUSION

For all these reasons, the Court:

1. **DENIES** in substantial part Plaintiff's *Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 19), except to the extent it seeks entry of judgment related to Debtor's motion for summary judgment, which the Court will enter separately;

2. **SUSTAINS** in substantial part Defendants' *Objection to Plaintiff's Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 24), except to the extent Plaintiff's *Motion* seeks entry of summary judgment;

3. **DENIES** Plaintiff's *Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Plaintiff's Request for Leave to Amend* (ECF No. 44);

4. **DENIES** as moot Defendants' *Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment* (ECF No. 68);

---

[7] The Court notes that after Mr. Mercer's death, the Court sua sponte continued matters in the bankruptcy case and adversary proceeding in which Mr. Mercer was counsel of record.

10

5. **DENIES** as moot Plaintiff's *Motion for Leave to Allow Plaintiff's Response to Defendants' Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment and to Allow for New Evidence* (ECF No. 73); and

6. **DENIES** as moot Plaintiff's *Second Motion for Leave to Allow for a Further Response to Defendants' Objection to Plaintiff's Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Allow for New Evidence in Support of its Motion to Reconsider* (ECF No. 73).

The Court will enter a separate order consistent with this *Opinion*.

# # #